754 So.2d 492 (1999)
Billy L. BELL, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-CP-00293-COA.
Court of Appeals of Mississippi.
September 21, 1999.
*494 Billy L. Bell, Appellant, pro se.
Office of the Attorney General by Billy L. Gore, Attorneys for Appellee.
BEFORE McMILLIN, C.J., BRIDGES, AND PAYNE, JJ.
BRIDGES, J., for the Court:
¶ 1. Billy L. Bell appeals from an order of the Circuit Court of Neshoba County denying post-conviction collateral relief without the court first conducting an evidentiary hearing. After a careful review of the record and applicable law, we affirm.

FACTS
¶ 2. On July 9, 1998, Bell was indicted for two counts of grand larceny in violation of Miss.Code Ann. § 97-17-41 (Supp.1998). Instead of going to trial, Bell decided to plead guilty, and filed his petition to enter his plea of guilty. A transcript was made of the July 14, 1998 plea hearing conducted by Circuit Judge Vernon R. Cotten. At the hearing, Bell acknowledged he assisted his counsel, Robert N. Brooks, in the preparation of the petition to plead guilty which was executed under oath and filed with the court. Bell represented to the circuit judge he understood the petition, particularly that he waived his constitutional and statutory rights by pleading guilty. The circuit judge explained the maximum sentence as ten years and a $2,000 fine and the minimum sentence was no years and no fine. Bell stated he was not under the influence of drugs or intoxicants, no one had promised him a lighter sentence if he pleaded guilty nor had he been forced or pressured to plead guilty. Bell assured the court he was pleading guilty freely and voluntarily to two counts of grand larceny because he was guilty of the offenses and for no other reason.
¶ 3. The court accepted Bell's plea of guilty to two counts of grand larceny and sentenced Bell on July 16, 1998, to serve a term of four years in the custody of the Mississippi Department of Corrections on Count I of the indictment and four years on Count II of the indictment to run concurrently with the sentence imposed under Count I, said sentences to run consecutively to any other sentence he had received in other jurisdictions.
¶ 4. On January 21, 1999, Bell filed his motion for post-conviction collateral relief alleging that his guilty plea was made involuntarily as a result of ineffective assistance of counsel. Specifically, Bell alleged the indictment under which he was convicted was defective, and his plea was involuntary due to his court-appointed attorney's failure to object to the defective indictment even though Bell brought the matter to the attention of his attorney prior to entering the guilty plea and sentence.
¶ 5. The circuit judge, pursuant to Miss. Code Ann. § 99-39-11 (Supp.1998), examined the motion and summarily denied and dismissed same on January 27, 1999. A notice of appeal was filed on February 10, 1999. On appeal, Bell contends (1) the circuit court erroneously dismissed his motion for post-conviction collateral relief without conducting a hearing and (2) he received ineffective assistance of counsel which rendered his guilty plea involuntary.

ARGUMENT AND DISCUSSION OF LAW
¶ 6. Bell argues the circuit judge erroneously denied his post-conviction relief without affording Bell an evidentiary hearing pursuant to Miss.Code Ann. §§ 99-39-13 *495 through 99-39-23 (Rev.1994) to explain how he was denied effective assistance of counsel which rendered his guilty plea involuntary. In his motion for post-conviction collateral relief, Bell asserted Brooks's failure to object to the multi-count indictment adversely affected the outcome of his case. On appeal, Bell adds the argument that Brooks misrepresented the sentence recommended under the plea bargain agreement to induce Bell to plead guilty. The State asserts Bell's motion was manifestly without merit and the circuit judge properly dismissed the motion without an evidentiary hearing.
Miss.Code Ann. § 99-39-11(2) provides: If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.
¶ 7. To merit an evidentiary hearing on the issue of ineffective assistance of counsel, a defendant's allegations of counsel's performance must raise "sufficient questions of fact on the issue of ineffective assistance of counsel." Walker v. State, 703 So.2d 266, 268 (Miss.1997) (quoting Washington v. State, 620 So.2d 966, 970 (Miss.1993)).
When a convicted defendant challenges his guilty plea on grounds of ineffective assistance of counsel, he must show unprofessional errors of substantial gravity. Beyond that, he must show that those errors proximately resulted in his guilty plea and that but for counsel's errors he would not have entered the plea.
Reynolds v. State, 521 So.2d 914, 918 (Miss.1988). In order to demonstrate that he was denied effective assistance of counsel, Bell must show (1) Brooks's performance was deficient and (2) the deficient performance prejudiced the defense. Mohr v. State, 584 So.2d 426, 430 (Miss. 1991) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). The deficiency and any prejudicial effect are assessed by looking at the totality of circumstances. Cole v. State, 666 So.2d 767, 775 (Miss.1995). The burden of proving that both prongs of Strickland have been met is on the defendant who faces a rebuttable presumption that "trial counsel's conduct is within the wide range of reasonable conduct and that decisions made by counsel are strategic." Edwards v. State, 615 So.2d 590, 596 (Miss.1993). Further, Bell's declaration during the plea colloquy that he was satisfied with the services of his lawyer is presumptively true. "Solemn declarations in open court carry a strong presumption of verity." Baker v. State, 358 So.2d 401, 403 (Miss.1978) (quoting Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977)).
¶ 8. Bell claims he informed Brooks prior to the plea hearing that the indictment was defective inasmuch as it charged him with the crime of grand larceny for two separate incidents occurring several months apart and involving two different victims and was told by Brooks "it was to [Bell's] advantage to have the charges together so as to get his time ran concurrent (sic)." According to Bell, Brooks's advice to Bell to enter the guilty plea when Brooks knew the indictment was defective is evidence that his attorney's performance was deficient. We disagree. "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice `was within the range of competence demanded of attorneys in criminal cases.'" Hill v. Lockhart, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (quoting McMann v. Richardson, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)).
¶ 9. Bell was indicted on two counts of grand larceny "as part of a continuing series of acts connected together and constituting one with the other parts *496 of a common design, scheme and plan" as permitted under Miss.Code Ann. § 99-7-2(1) (Rev.1994). Regardless, any objection Bell may have had to the indictment was waived when he entered his knowing and voluntary plea of guilty to the charges alleged in the multi-count indictment.
[T]he law is settled that with only two exceptions, the entry of a knowing and voluntary guilty plea waives all other defects or insufficiencies in the indictment. A defendant's right to claim that he is not the person named in the indictment may be waived if not timely asserted. The principal exception to the general rule is that the failure of the indictment to charge a criminal offense or, more specifically, to charge an essential element of a criminal offense, is not waived. And, of course, a guilty plea does not waive subject matter jurisdiction.
Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989) (citations omitted).
¶ 10. Next, Bell's claim that Brooks erroneously informed him the sentences recommended to the Neshoba County circuit judge would run concurrent to those imposed by Scott and Leake Counties is in direct conflict with the transcript of the plea hearing. A packaged deal was negotiated whereby Bell would plead guilty (1) to the crime of grand larceny in Scott County in exchange for the State's recommendation that he receive a three year sentence and a $500 fine, (2) to two counts of grand larceny in Neshoba County in exchange for the State's recommendation that Bell be sentenced to concurrent four-year terms on each count, and (3) to the crime of grand larceny in Leake County in exchange for a recommended three-year sentence. Under the plea bargain agreement, the concurrent terms imposed by Neshoba County expressly ran consecutive to the sentences imposed by Scott County and Leake County.
¶ 11. Moreover, the transcript shows, after conferring with his attorney, Bell affirmatively stated he understood the sentence recommended. Two days later at the sentencing hearing, Bell reaffirmed his desire to freely and voluntarily plead guilty to the charges against him. Thereafter, the circuit judge accepted the State's recommendation, sentencing Bell to serve a term of four years on Count I of the indictment in the custody of the Mississippi Department of Corrections and a term of four years on Count II to run concurrent with the term imposed under Count I. The judge explained, "[T]hese sentences will run consecutive, that means, in addition to, any sentence that you have in Scott County, Mississippi, and any other sentence that you have as far as what you're serving at this time." Bell was also fined $1,500 and court costs by the Circuit Court of Neshoba County to be paid at a monthly rate of $150 following the payment of the fine imposed by Scott County. Consequently, Bell was sentenced to serve a total of ten years for the four crimes instead of facing the possibility of five years on each charge or a total of twenty years, and fined $2,000 for all four crimes rather than the possible assessment of $1,000 for each crime or $4,000.
¶ 12. We find trial counsel's performance before and during the plea hearing and sentencing hearing to be within the range of competence demanded of attorneys in criminal cases.
¶ 13. Under the second prong of the Strickland test, Bell must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. 2052. Nothing in the record supports Bell's claim that his attorney misrepresented the recommended sentence structure under the plea bargain agreement. Therefore, we cannot say it is a reasonable probability that the alleged misrepresentation of Brooks proximately resulted in Bell's guilty plea and, but for *497 these errors, Bell would have insisted on going to trial rather than entering guilty pleas to the two counts of grand larceny. Thus, Bell did not meet the second part of the Strickland standard.
¶ 14. Looking at the totality of the circumstances, Bell failed to raise sufficient questions of fact to merit an evidentiary hearing or to rebut the presumption that trial counsel's conduct was within the wide range of reasonable conduct and that the decision made by counsel to recommend that Bell accept the plea bargain agreement was strategic. Edwards, 615 So.2d at 596. This issue is without merit.
¶ 15. The transcript of the plea hearing rebuts Bell's claim that his guilty plea was not freely, voluntarily and intelligently entered. In Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991), the Mississippi Supreme Court held "a guilty plea must be made voluntarily in order to satisfy the defendant's constitutional rights." A plea is considered voluntary if the defendant knows the elements in the charge against him, including an understanding of the charge, the effect of the plea, and the possible sentence. Taylor v. State, 682 So.2d 359, 362 (Miss.1996). Furthermore, there should be a complete record of the plea to ensure that the defendant's plea was voluntary. Id. In the case sub judice, the circuit judge explained to Bell the charges, the possible sentence for each charge and the consequences of pleading guilty. Bell conferred with his attorney during the plea hearing. The circuit judge accepted Bell's guilty plea to the two counts of grand larceny only after concluding Bell had the intelligence and education to understand the proceedings and the consequences of pleading guilty to the charges set forth in the indictment.
¶ 16. We find the circuit judge correctly determined that Bell's allegations presented in his motion were disproved in the record and did not rise to the level necessary to warrant an evidentiary hearing. The motion for post-conviction collateral relief could be summarily denied without a hearing. Miss.Code Ann. § 99-39-11(2) (Supp.1998); Simpson v. State, 678 So.2d 712 (Miss.1996). Accordingly, the judgment of the Circuit Court of Neshoba County denying Bell post-conviction collateral relief is affirmed.
¶ 17. THE JUDGMENT OF THE NESHOBA COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO NESHOBA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.