961 So.2d 734 (2007)
Sam TURNER, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-02348-COA.
Court of Appeals of Mississippi.
April 3, 2007.
Rehearing Denied July 31, 2007.
*735 Sam Turner, Appellant, pro se.
Office of the Attorney General by Jacob Ray, attorney for appellee.
Before LEE, P.J., GRIFFIS and ROBERTS, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. On November 19, 2004, Sam Turner pled guilty in the Lowndes County Circuit Court to one count of sale of cocaine. Turner was sentenced to pay a fine of $5,000 and to serve twenty years in the custody of the Mississippi Department of Corrections. Another sale of cocaine count was retired to the file. On October 4, 2005, Turner filed a motion for post-conviction relief alleging ineffective assistance *736 of counsel, violation of right to speedy trial and insufficient evidence. The trial court denied Turner's motion finding his issues to be without merit. Turner now appeals to this Court asserting the following issues: (1) his guilty plea was not entered into intelligently and voluntarily; (2) there was no factual basis for the trial court to accept his guilty plea; (3) his counsel was ineffective; and (4) he was deprived of his right to a speedy trial.

STANDARD OF REVIEW
¶ 2. A trial court's denial of post-conviction relief will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). However, when issues of law are raised the proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).

DISCUSSION
I. WAS TURNER'S GUILTY PLEA ENTERED INTO VOLUNTARILY?
¶ 3. In his first issue on appeal, Turner argues that his guilty plea was not entered into voluntarily or intelligently. A plea is considered "voluntary and intelligent" if the defendant knows the elements of the charge against him, understands the charge's relation to him, what effect the plea will have, and what sentence the plea may bring. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). Furthermore, solemn declarations in court carry a strong presumption of verity. Gable v. State, 748 So.2d 703, 706(¶ 11) (Miss.1999). During the plea colloquy, Turner was informed of the charge against him, the effect of the plea, what rights he would waive if he pled guilty and the possible sentence he could receive. Turner claims that he was pressured into pleading guilty because of the habitual offender language in the indictment. There is no evidence in the record to support this contention. To survive summary dismissal, a collateral attack on a facially correct plea must include supporting affidavits of other persons. Baker v. State, 358 So.2d 401, 403 (Miss.1978). Furthermore, the habitual offender language in the indictment was deleted prior to Turner's guilty plea and the trial court reiterated that fact during the colloquy.
¶ 4. Turner also contends that he had never been convicted of any felonies only misdemeanors. Upon review of the presentencing investigation report, it is apparent that Turner had been convicted of two felonies as well as numerous misdemeanors. We also note that during the plea colloquy the trial judge informed Turner that he had to impose the minimum fine of $5,000 because Turner had a prior felony. However, according to Mississippi Code Annotated Section 41-29-139(b)(1) (Rev. 2005) the minimum fine for sale of cocaine is $5,000 regardless of prior offenses.
¶ 5. We find no merit to this issue.
II. WAS THERE A FACTUAL BASIS FOR TURNER'S GUILTY PLEA?
¶ 6. In his second issue on appeal, Turner argues that there was no factual basis for the trial judge to accept his guilty plea. Pursuant to URCCC 8.04(A)(3), in order for the trial court to accept a guilty plea, the court must determine that there is a factual basis for the plea. The factual basis requirement is met when the record "contain[s] `enough that the court may say with confidence the prosecution could prove the accused guilty of the crime charged.'" Jones v. State, 936 So.2d 993, 999(¶ 21) (Miss.Ct.App.2006) (quoting Corley v. State, 585 So.2d 765, 767 (Miss.1991)). An adequate factual basis *737 for the plea may be formed by any record evidence before the court, including the defendant's admission of guilt. Corley, 585 So.2d at 767. In Turner's case, the State was prepared to show that Turner sold an informant cocaine. The State also noted that this transaction was captured on videotape. Turner subsequently admitted that he had committed the crime. We find no merit to this issue.
III. WAS TURNER'S TRIAL COUNSEL INEFFECTIVE?
¶ 7. In his third issue on appeal, Turner contends that his trial counsel was ineffective. Turner must demonstrate that his trial counsel's performance was deficient and the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In the context of a guilty plea, Turner must demonstrate that his counsel's performance fell below the minimal range of competence expected of attorneys in criminal cases and that but for that sub-standard performance, he would have insisted on going to trial. Alexander, 605 So.2d at 1173. Turner alleges that his trial counsel was ineffective for numerous reasons, a few which we state as follows: she did not discuss his case with him prior to trial, she failed to obtain discovery, she worked with the prosecution instead of for Turner, and she advised him that he would only have to serve two years. Turner fails to support these allegations and mainly uses this issue to reassert his innocence. This issue is without merit.
IV. WAS TURNER DEPRIVED OF HIS RIGHT TO A SPEEDY TRIAL?
¶ 8. In his fourth issue on appeal, Turner argues that he was deprived of his right to a speedy trial. Turner claims that failing to timely appoint trial counsel violated his right to a speedy trial. However, a valid guilty plea operates as a waiver of all non-jurisdictional defects or rights incidental to trial and this includes a defendant's right to a speedy trial. Anderson v. State, 577 So.2d 390, 391-91 (Miss.1991). Having found Turner's guilty plea was valid, we find no merit to this issue.
¶ 9. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.