LEE, P.J.,
for the Court.
FACTS AND PROCEDURAL HISTORY
¶ 1. Ronald Martin Bailey pleaded guilty in the Circuit Court of Lowndes County to possession of hydrocodone. Bailey was sentenced to eight years in the Mississippi Department of Corrections followed by five years of post-release supervision and ordered to pay a fine of $5,000. Bailey filed a motion for post-conviction relief with the trial court. The trial court dismissed his motion as being without merit.
¶ 2. Bailey now appeals the dismissal of his motion for post-conviction relief, asserting the following issues: (1) he was subjected to double jeopardy; (2) his guilty plea was coerced; (3) he was subjected to an unlawful search and seizure; (4) he was denied the right to a speedy trial; (5) he should have received credit for his time served in federal prison; and (6) he received ineffective assistance of counsel. Finding no error, we affirm the trial court’s dismissal of Bailey’s motion for post-conviction relief.
STANDARD OF REVIEW
¶ 3. We review the dismissal of a post-conviction-relief petition for an abuse of discretion. Watts v. State, 1 So.3d 886, 888(¶ 6) (Miss.Ct.App.2008) (citing Willis v. State, 904 So.2d 200, 201(¶ 3) (Miss.Ct.App.2005)). Questions of law, however, are reviewed de novo. Ruff v. State, 910 So.2d 1160, 1161(¶ 7) (Miss.Ct.App.2005).
DISCUSSION
I. DOUBLE JEOPARDY
¶ 4. Bailey argues that he was subjected to double jeopardy because the *830 charges against him were submitted to the grand jury twice. When his indictment was originally submitted to the grand jury, the grand jury failed to return a true bill. The case was later resubmitted to the grand jury with a correction made to the date of the crime. The grand jury then returned a true bill.
¶ 5. “Double jeopardy protects against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense.” Greenwood v. State, 744 So.2d 767, 770(¶ 14) (Miss.1999). Bailey was not previously acquitted or convicted of the crime charged; therefore, he was not subjected to double jeopardy upon a second submission of his case to the grand jury. We find that this issue is without merit.
II. VOLUNTARY AND INTELLIGENT GUILTY PLEA
¶ 6. Bailey next argues that his guilty plea was not made voluntarily and intelligently because he was coerced into pleading guilty.
¶ 7. A plea is considered “voluntary and intelligent” if the defendant knows the elements of the charge against him, understands the charge’s relation to him, what effect the plea will have, and what sentence the plea may bring. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). During the plea colloquy, Bailey was informed of the charge against him, the effect of the plea, the rights he would waive if he pleaded guilty, and the possible sentence he could receive.
¶ 8. “To survive summary dismissal, a collateral attack on a facially correct plea must include supporting affidavits of other persons.” Turner v. State, 961 So.2d 734, 736(¶ 3) (Miss.Ct.App.2007) (citing Baker v. State, 358 So.2d 401, 403 (Miss.1978)). The only support Bailey provides for his contention that his plea was involuntary is a statement signed by twenty inmates at the Lowndes County Detention Center regarding the lack of proper air conditioning in their cells. Bailey argues that any of the inmates would have accepted a plea bargain in order to escape the conditions of the detention center. Bailey also contends that his attorney and the trial court threatened him with a 185-year sentence if he did not plead guilty. We find no support of this in the record. We find that Bailey’s argument that his guilty plea was coerced is without merit.
III. SEARCH AND SEIZURE
¶ 9. Bailey next argues that any evidence that he possessed hydrocodone should be suppressed because it was obtained as the result of an unlawful search and seizure. However, it is well settled that “[a] valid guilty plea waives the defendant’s right to make certain constitutional challenges, including those under the Fourth Amendment.” Burns v. State, 984 So.2d 1024, 1025(¶ 7) (Miss.Ct.App.2008) (citing King v. State, 738 So.2d 240, 240-41 (¶¶ 4-5) (Miss.1999)). “When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of his constitutional rights that occurred prior to the entry of the guilty plea.” Pevey v. State, 914 So.2d 1287, 1289(¶ 7) (Miss.Ct.App.2005) (quoting Battaya v. State, 861 So.2d 364, 366(¶ 5) (Miss.Ct.App.2003)).
¶ 10. We find that Bailey has waived any unreasonable search-and-seizure claim by pleading guilty. Therefore, we find no merit to this issue.
*831 IV.SPEEDY TRIAL
¶ 11. Bailey argues that he was denied the right to a speedy trial because approximately four years and eight months passed between when he was arrested and when his trial occurred.
¶ 12. “[A] valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial including the right to a speedy trial, whether of constitutional or statutory origin.” Madden v. State, 991 So.2d 1231, 1237(¶ 25) (Miss.Ct.App.2008) (quoting Anderson v. State, 577 So.2d 390, 391-92 (Miss.1991)). Bailey has failed to prove his counsel was deficient for not pursuing a speedy trial because, upon entering a guilty plea, Bailey waived his right to a speedy trial. In spite of the procedural bar, we briefly note that the trial court found that the delay was caused in part by Bailey’s incarceration in another state and his having to be extradited to Mississippi, as well as because of the continuances Bailey obtained due to the changes in his trial counsel.
¶ 13. Having found that Bailey’s guilty plea was voluntarily and intelligently made, we find that Bailey was not denied the right to a speedy trial. Therefore, we find that this issue is without merit.
V.CREDIT FOR TIME SERVED
¶ 14. Bailey argues that the trial court erred in failing to allow him to receive credit for time served in federal prison on an unrelated charge. Bailey asserts that he had been in federal custody since November 3, 2003, and that he should receive credit for time served in federal prison while awaiting trial in this matter. The crime that is the subject of this appeal occurred on August 31, 2001.
¶ 15. Mississippi Code Annotated section 99-19-23 (Rev.2007) states that a prisoner shall receive credit for time spent in any municipal or county jail while awaiting a trial or the resolution of an appeal on a criminal charge. However, in Stanley v. State, 850 So.2d 154, 157(¶ 12) (Miss.Ct.App.2003), this Court held that “a prisoner actually serving time for another conviction is not, within the meaning of Section 99-19-23, being held to await trial.” Therefore, we find that the trial court was correct in denying Bailey credit for time served since he was already incarcerated for a separate charge while awaiting a trial in this matter. This issue is without merit.
VI.INEFFECTIVE ASSISTANCE OF COUNSEL
¶ 16. “In order to prevail on the issue of whether his defense counsel’s performance was ineffective, [the petitioner] must prove that his counsel’s performance was deficient and that he was prejudiced by counsel’s mistakes.” Kinney v. State, 737 So.2d 1038, 1041(¶ 8) (Miss.Ct.App.1999) (citing Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).
¶ 17. Bailey has cited no specific points of error in which he believes any of the three counsels, one appointed and two retained by Bailey, who represented him at different times, were deficient. Further, Bailey has not cited how he was prejudiced by his counsel’s alleged mistakes. We note that Bailey was sentenced below the statutory maximum sentence for the crime, and three of the four counts against him were retired to the file. We find that this issue is without merit.
¶ 18. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
*832 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR.