CARLTON, J„
for the Court:
¶ 1. Gregory Fair appeals the Coahoma County Circuit Court’s order denying his motion for post-conviction relief (PCR). Fair raises the following assignments of error: whether (1) his multi-count indictment subjected him to double jeopardy in violation of his constitutional rights; (2) he received ineffective assistance of counsel; (3) he entered involuntary guilty pleas; (4) the circuit court erred in accepting his guilty pleas since he never admitted the elements of burglary during the plea hearing; (5) he was denied due process of law when the circuit judge failed to advise him that, guilty pleas notwithstanding, he possessed the right to appeal his sentences directly to the Mississippi Supreme Court; and (6) he was entitled to an evidentiary hearing. Finding no error, we affirm.
FACTS
¶2. A grand jury before the Coahoma County Circuit Court indicted Fair on a multi-count indictment for two counts of burglary of a dwelling, in violation of Mississippi Code Annotated section 97-17-23 (Supp.2011), and one count of conspiracy to commit burglary of a dwelling, in violation of Mississippi Code Annotated section 97-1-1 (Supp.2011). The circuit court’s order denying Fair’s PCR motion reflects that Fair’s counsel filed a motion to sever the counts in the indictment and that the State filed a motion to amend the indictment to charge Fair as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev.2007); however, no written order was entered by the circuit court on either motion.[1]
¶ 3. On February 20, 2009, Fair pleaded guilty to all three counts. The circuit court sentenced Fair to twenty years on each count of burglary and to five years on the count of conspiracy, with all sentences to run concurrently in the custody of the Mississippi Department of Corrections (MDOC). As part of the plea negotiations, the State agreed not to pursue habitual-offender sentencing.
¶ 4. On February 25, 2010, Fair filed a PCR motion. The Circuit Court of Coaho-ma County denied Fair’s motion without holding an evidentiary hearing. Aggrieved, Fair appeals.
STANDARD OF REVIEW
¶ 5. “We will not disturb a circuit court’s denial of a PCR motion unless the decision is found to be clearly erroneous.” Brown v. State, 71 So.3d 1267, 1268 (¶ 4) (Miss.Ct. *1167 App.2011) (citing Edmondson v. State, 17 So.3d 591, 594 (¶5) (Miss.Ct.App.2009)). We utilize a de novo standard of review when considering questions of law. Id. (citation omitted).
DISCUSSION
I. DOUBLE JEOPARDY
¶6. Fair argues that the multi-count indictment subjected him to double jeopardy. In its order denying Fair’s PCR motion, the circuit court addressed Fair’s claim of double jeopardy. The circuit court stated, in pertinent part, as follows:
The court finds this the [sic] claim to be without merit in both fact and law. “Double jeopardy protects against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense.” Bailey v. State, 19 So.3d 828, 830 (¶ 5) (Miss.Ct.App.2009) (citing Greenwood v. State, 744 So.2d 767, 770 (¶ 14) (Miss.1999)).
In the instant case, Fair was not acquitted of any charge, so the first prong of Bailey is not applicable. Also, Fair was not prosecuted for the same offense after conviction. Thus, the second prong of Bailey is inapplicable. Although it is unclear from his motion, it would appear that Fair contends he received multiple punishments for the same offense due to the multi-count indictment.
To the extent that Fair argues the five[-]year sentence resulting from the conspiracy charge in [c]ount III constituted a second punishment for [the] twenty[-]year sentence on the burglary charge in [c]ount I, this issue is easily dispatched. “Conspiracy is a complete crime in itself which does not merge into the completed offense. They are two separate crimes[,] and prosecution for both the completed offense and conspiracy to commit the completed offense does not violate the prohibition against being twice prosecuted for the same crime.” Stovall v. State, 873 So.2d 1056, 1058 (¶ 12) (Miss.Ct.App.2004) (internal citations omitted). Therefore, this sub-issue is without merit.
To the extent that Fair contends that the twenty[-]year sentence for the burglary charge in [c]ount II constituted a second punishment for the [twenty-] year sentence in [c]ount I, Fair’s argument is undermined by his own statement of facts. Motion, p. 22. In Fair’s Statement of Facts, he states at paragraph 2, “The burglary charges were in regards to different individuals, on different days, and at different addresses.” Motion, p. 22, ¶ 2. Moreover, the indictment also reflects that the crimes were alleged to have occurred on May 7, 2008, and May 18, 2008, at different locations. Thus, two separate offenses occurred, and one twenty[-]year sentence was ordered for each separate burglary.
¶ 7. Upon our review of the record before us, we, like the circuit court, find that Fair’s claim is without merit. While we recognize that the double-jeopardy constitutional provisions assure protection from multiple punishments for the same offense, see Graves v. State, 969 So.2d 845, 847 (¶ 7) (Miss.2007), the record shows that Fair pleaded guilty and was sentenced for three separate offenses — burglary of a dwelling on May 7, 2008 (count I), burglary of a dwelling on May 18, 2008 (count II), and conspiracy to commit burglary (count III). Thus, Fair was not subjected to double jeopardy in violation of his constitutional rights.
II. INEFFECTIVE ASSISTANCE OF COUNSEL
¶ 8. Fair argues that he received ineffective assistance of counsel when his attor *1168 ney[2] advised him to plead guilty, allegedly without any investigation into the legality of the multiple-count indictment nor any challenge to it.[3] Fair alleges that his indictment was improper since the indictment was “factually illegal” and “the crimes set forth there in [sic] were not a part of an on[-]going transaction.” Fair asserts that each count should have been charged under a separate indictment because the two burglary crimes occurred over a week apart and involved different victims. Fair claims that his attorney’s failure to challenge the multi-count indictment constituted deficient performance and prejudiced him since he would not have pleaded guilty to the multiple counts if his attorney had performed a sufficient investigation of the multi-count indictment.
f 9. In order to prove ineffective assistance of counsel, Fair must prove that: (1) his counsel was deficient and (2) that the deficiency prejudiced Fair’s defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). “The deficiency and any prejudicial effect are assessed by looking at the totality of [the] circumstances.” Bell v. State, 754 So.2d 492, 495 (¶ 7) (Miss.Ct.App.1999) (citation omitted). “[I]n proving an ineffective-assistance-of-counsel claim, a strong presumption exists that counsel’s performance was reasonable, and ‘the defendant must show that there is a reasonable probability that, but for the counsel’s unprofessional errors, the result of the proceeding would have been different.’ ” Gavin v. State, 72 So.3d 570, 575 (¶ 12) (Miss.Ct.App.2011) (citation omitted).
¶ 10. After reviewing the record, we find no merit to Fair’s argument. While defense counsel’s motion to sever does not appear in the record before this Court, the circuit court’s order denying Fair’s PCR motion states that Fair’s attorney in fact challenged the multi-count indictment. The circuit court, however, explained that Fair pleaded guilty to the charges before the court ruled upon or entered an order on his severance motion. Furthermore, we recognize that Fair was properly indicted on two counts of burglary and one count of conspiracy to commit burglary. Mississippi Code Annotated section 99-7-2(1) (Rev.2007) provides:
Two (2) or more offenses which are triable in the same court may be charged in the same indictment with a separate count for each offense if: (a) the offenses are based on the same act or transaction; or (b) the offenses are based on two (2) or more acts or transactions connected together or constituting parts of a common scheme or plan.
See also Bell, 754 So.2d at 495-96 (¶ 9).[4]
¶ 11. Additionally, the record shows that Fair, in his plea petition and during his plea colloquy, declared that he was satisfied with his attorney’s services. When asked by the circuit court during the plea hearing whether he had any complaints regarding his appointed counsel, Fair replied that he did not have any complaints. Fair’s “declaration[s] during *1169 the plea colloquy that he was satisfied "with the services of his lawyer [are] presumptively true. ‘Solemn declarations in open court carry a strong presumption of verity.’ ” Bell, 754 So.2d at 495 (¶ 7) (quoting Baker v. State, 358 So.2d 401, 403 (Miss.1978)). Further, “[t]he Mississippi Supreme Court has repeatedly held that it is the movant’s responsibility to obtain a ruling from the court on motions, and that failure to do so constitutes a waiver.” Speagle v. State, 956 So .2d 237, 241-42 (¶ 12) (Miss.Ct.App.2006). See also URCCC 8.04.
¶ 12. “The burden of proving that both prongs of Strickland have been met is on the defendant who faces a rebuttable presumption that ‘trial counsel’s conduct is within the wide range of reasonable conduct and that decisions made by counsel are strategic.’ ” Bell, 754 So.2d at 495 (¶ 7) (citation omitted). Fair has failed to present any specific evidence of his attorney’s deficient performance or the prejudice he suffered as a result of the alleged deficient performance. Therefore, we find that Fair’s claim of ineffective assistance of counsel is without merit.
III.INVOLUNTARY PLEAS
¶ 13. Fair argues that his attorney conspired with the State to use an illegal multi-count indictment to mentally coerce him into entering his guilty pleas.[5] After reviewing the record, we find no evidence contrary to the circuit court’s finding that Fair entered knowing, voluntary, and intelligent pleas. See Burrough v. State, 9 So.3d 368, 373 (¶ 11) (Miss.2009) (“A guilty plea will be found valid if it is shown to have been voluntarily and intelligently made by the criminal defendant before the trial court.”). This issue is without merit.
IV. ADMISSION OF ELEMENTS OF THE CHARGES
¶ 14. Fair argues the circuit court erred in accepting his guilty pleas since he never admitted to the elements of burglary during the plea proceedings. Fair’s plea colloquy belies this argument. During the plea hearing, the circuit court directed the State to read the substance of the charges asserted against Fair in the indictment. In response, the State read the three counts in the indictment, which included the elements of each of the offenses charged. Then, the court asked Fair whether he understood each of the charges against him and whether he had committed the crimes. As to each of the counts, Fair responded that he understood the charge and that he committed the crime. Thus, the transcript of the plea hearing shows the circuit court ensured Fair was made aware of the elements of the charges against him, and Fair admitted that he committed each of the three separate offenses. This issue is without merit.
V. RIGHT TO APPEAL
¶ 15. Fair argues that the circuit court failed to inform him that he could appeal the sentences imposed on him as a result of his guilty pleas. Fair further argues that his attorney rendered ineffective assistance due to his failure to bring this error to the circuit court’s attention. After reviewing the record, we find no merit to Fair’s allegations.
¶ 16. Because Fair entered guilty pleas, a direct appeal was not available to him. Shanks v. State, 906 So.2d 760, 761 (¶ 3) (Miss.Ct.App.2004). Mississippi Code Annotated section 99-35-101 (Supp.2011) states:
*1170 Any person convicted of an offense in a circuit court may appeal to the Supreme Court. However, where the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed.
Previously, “a defendant who entered a guilty plea and was sentenced could challenge the validity of his sentence on direct appeal.” Miller v. State, 61 So.Sd 944, 947 (¶ 8) (Miss.Ct.App.2011). However, this Court has held that this is no longer the law. Id. The 2008 amendment to section 99-85-101 now “prohibits] any direct appeal upon entry of a guilty plea.” Id. The defendant must instead file a motion for post-conviction relief pursuant to Mississippi Code Annotated section 99-89-5 (Supp.2011). See generally Small v. State, 81 So.3d 1179, 1181 (¶¶ 7-9) (Miss.Ct.App.2011) (final mandate issued March 20, 2012).
¶ 17. Accordingly, we find this issue is without merit.
VI. EVIDENTIARY HEARING
¶ 18. “A petitioner in post-conviction relief matters is only entitled to an evidentiary hearing if, under the facts within his knowledge and/or attached affidavits, he states a cognizable claim for relief, and absent that claim, a trial court may summarily dismiss the petition.” Peacock v. State, 963 So.2d 1180, 1182 (¶ 3) (Miss.Ct.App.2007) (citing Rogers v. State, 811 So.2d 367, 370-71 (¶ 11) (Miss.Ct.App.2001)). Because no such claim is present in Fair’s PCR motion, we find the circuit court properly denied Fair’s motion without holding an evidentiary hearing. This issue is without merit.
¶ 19. THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.
IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.

. Neither Fair's motion to sever the counts in the indictment nor the State’s motion to the amend the indictment appear in the record before this Court.

. Fair states in his appellate brief that he was represented by Cheryl Webster. However, the record shows that Richard B. Lewis Jr. served as Fair’s attorney.

. Fair also asserts that his counsel rendered ineffective assistance by advising him to plead guilty to a multi-count indictment that subjected him to double jeopardy. Because we have found that Fair's indictment did not violate his double jeopardy rights, we decline to address his ineffective-assistance-of-counsel argument as to this claim.

.We pause to note that "any objection [Fair] may have had to the indictment was waived when he entered his knowing and voluntary plea of guilty to the charges alleged in the multi-count indictment." Bell, 754 So.2d at 496 (¶ 9).

. Fair also cites to law in his appellate brief pertaining to the voluntariness of a confession; however, he fails to explain the relevance of such law to his case.