# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-01406-COA

**ALFRED BANKS**                                                                                    **APPELLANT**

v.

**STATE OF MISSISSIPPI**                                                                        **APPELLEE**

DATE OF JUDGMENT:                07/29/2013
TRIAL JUDGE:                           HON. LAMAR PICKARD
COURT FROM WHICH APPEALED:  CLAIBORNE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       ALFRED BANKS (PRO SE)
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                                               BY: JEFFREY A. KLINGFUSS
NATURE OF THE CASE:               CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:        DENIED PETITION FOR POST-
                                               CONVICTION RELIEF
DISPOSITION:                           AFFIRMED - 02/17/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE GRIFFIS, P.J., CARLTON AND JAMES, JJ.

### CARLTON, J., FOR THE COURT:

¶1.     Alfred Banks appeals the Claiborne County Circuit Court's judgment denying his petition for post-conviction relief (PCR). On appeal, Banks raises the following issues: (1) whether his guilty plea was involuntary; (2) whether he was denied due process of law; and (3) whether he received ineffective assistance of counsel. Finding no error, we affirm.

## FACTS

¶2.     A grand jury indicted Banks, Michael Shorter, and Keenan Turner for armed robbery, aggravated assault, and conspiracy to commit armed robbery. On May 31, 2011, Banks pled

guilty to aggravated assault, and the circuit court dismissed the other two charges against him. The circuit court sentenced Banks to ten years in the custody of the Mississippi Department of Corrections and credited Banks for his time already served in custody for the indictment's charges.

¶3. On July 16, 2013, Banks filed his PCR petition. The circuit court judge found that, at the time he entered his guilty plea, Banks "was fully apprised of the nature of the charges against him and all the facts and circumstances surrounding said charges, and having been placed under oath, [Banks] did voluntarily and intelligently enter a plea of guilty to [a]ggravated [a]ssault . . . ." The circuit court judge therefore denied Banks's PCR petition, finding that it plainly appeared from the face of the petition and from the prior proceedings that Banks's arguments lacked merit. Aggrieved by the circuit court's denial of his PCR petition, Banks appeals to this Court.

## STANDARD OF REVIEW

¶4. "When reviewing a circuit court's denial or dismissal of a PCR [petition], we will reverse the judgment of the circuit court only if its factual findings are 'clearly erroneous'; however, we review the circuit court's legal conclusions under a de novo standard of review." *Boyd v. State*, 65 So. 3d 358, 360 (¶10) (Miss. Ct. App. 2011) (citation omitted).

## DISCUSSION

### I. Whether Banks's guilty plea was involuntary.

¶5. In his first assignment of error, Banks argues that his guilty plea was entered involuntarily. Banks asserts that he did not admit to all the elements required to prove

2

aggravated assault and that the circuit court failed to inform him of the consequences resulting from a plea of guilty. As our caselaw provides, "[a] plea of guilty is binding only if it is entered voluntarily and intelligently. Such a plea is voluntary and intelligent when the defendant is informed of the charges against him and the consequences of his plea." *Brooks v. State*, 89 So. 3d 626, 629 (¶14) (Miss. Ct. App. 2011) (citations omitted).

¶6. During the plea hearing, Banks, Shorter, and Turner each informed the circuit court judge that they wished to plead guilty to aggravated assault. The record reflects that, before accepting the men's guilty pleas, the circuit court judge thoroughly examined each man to determine whether he understood the consequences of his plea and was satisfied with the legal advice provided by his attorney. As the record further reflects, Banks acknowledged under oath during his plea colloquy that he understood the rights he waived if he entered a guilty plea. Banks further acknowledged under oath that his attorney had explained to him, and that he fully understood, the nature of his offense, the maximum and minimum penalties for the offense, and the elements of the offense that the State would have to prove at trial.

¶7. During the plea colloquy, Banks also stated that he had made his attorney aware of all the facts and circumstances surrounding his case and that he was completely satisfied with the representation provided by his attorney. In addition, Banks stated that no one had promised him a reward for pleading guilty or had threatened him in order to compel his guilty plea. The circuit court judge specifically asked Banks, "Are you pleading guilty because you are guilty and [for] no other reason?" In response, Banks answered, "Yes, sir."

¶8. When the circuit court judge asked the State what evidence would be presented at a

3

trial, the State responded:

> In this case[,] the [S]tate would be prepared to show that . . . Michael Shorter, Keenan Turner[,] and Alfred Banks did all get together and agree to cause aggravated assault to one Patrick Hicks, a human being, and they did [by] shooting Mr. Patrick Hicks in the legs with a pistol[,] causing bodily injury with a deadly weapon . . . , and that even though only one actually pulled the trigger, the others were knowing[] . . . participants in the crime [and] accessor[ies] before the actual crime of aggravated assault of Mr. Hicks.

Following this statement of the evidence, Banks, Shorter, and Turner each told the circuit court judge that the State's evidence was correct and that they had no comments or questions regarding the evidence presented by the State.

¶9. On appeal, Banks argues that he did not shoot the victim, Hicks, and never admitted to committing such an act. He asserts that he therefore never fully admitted to the elements required to prove aggravated assault. Despite Banks's assertions, "[i]n Mississippi, 'every person who shall be an accessory to any felony, before the fact, shall be deemed and considered a principal, and shall be indicted and punished as such.'" *Scarborough v. State*, 956 So. 2d 382, 386 (¶21) (Miss. Ct. App. 2007) (quoting Miss. Code Ann. § 97-1-3 (Rev. 2006)). As the record reflects, the State was prepared to prove that, even though only one person among Banks, Shorter, and Turner actually shot Hicks, the other two men in the group knowingly participated in the crime and served as accessories before the fact. In addition, the record reflects that Banks acknowledged during the plea colloquy that he understood he could be charged as an accessory before the fact.

¶10. After reviewing the record, we find that Banks was fully informed of the charge against him and was well aware of the consequences of pleading guilty to aggravated assault.

4

Banks heard the elements of aggravated assault that the State would have to prove at trial and the evidence the State planned to present during a trial. In response to the circuit court judge's questioning, Banks acknowledged that he was guilty of aggravated assault and that the State's evidence was true and correct. Because the record reflects that Banks entered his guilty plea voluntarily and intelligently, we find his plea was binding. *See Brooks*, 89 So. 3d at 629 (¶14). As a result, this argument lacks merit.

## II. Whether Banks was denied due process of law.

¶11. Banks next argues that he was denied due process of law because he was convicted of aggravated assault without admitting to all the elements required to prove the offense. As previously discussed, while only one person among Banks, Shorter, and Turner shot the victim, the other two men in the group could be charged as accessories before the fact and "deemed and considered a principal . . . and punished as such." Miss. Code Ann. § 97-1-3. The record reflects that Banks was informed of this fact and acknowledged that he understood. Furthermore, Banks informed the circuit court that the evidence presented by the State was true and correct. As a result, we find this assignment of error lacks merit.

## III. Whether Banks received ineffective assistance of counsel.

¶12. In his next assignment of error, Banks asserts that the circuit court accepted his guilty plea and sentenced him without actually finding him guilty of aggravated assault. Banks alleges his attorney's performance was deficient because his attorney failed to object to the circuit court's erroneous actions and failed to advise him that no evidence existed to prove that he shot or caused bodily injury to the victim.

5

¶13. To prevail on his ineffective-assistance-of-counsel claim, Banks bears the burden of demonstrating the following: (1) his attorney's performance was deficient; and (2) he suffered prejudice as a result of his attorney's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "In the context of guilty pleas, this means the defendant must show that, were it not for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Burrough v. State*, 9 So. 3d 368, 375 (¶22) (Miss. 2009) (citation omitted).

¶14. During his plea hearing, Banks stated that he was satisfied with his attorney's representation and legal advice. "A defendant's declarations during the plea colloquy that he was satisfied with the services of his lawyer are presumptively true. Solemn declarations in open court carry a strong presumption of verity." *Palmer v. State*, 140 So. 3d 448, 453 (¶10) (Miss. Ct. App. 2014) (citation and internal quotation marks omitted). In addition, the record reflects that Banks failed to provide affidavits to support his PCR petition. In PCR cases, "where a party offers only his affidavit, then his ineffective[-]assistance[-]of[-]counsel claim is without merit." *Brooks*, 89 So. 3d at 628 (¶6) (quoting *Vielee v. State*, 653 So. 2d 920, 922 (Miss. 1995)).

¶15. "The burden of proving that both prongs of *Strickland* have been met is on the defendant[,] who faces a rebuttable presumption that trial counsel's conduct is within the wide range of reasonable conduct and that decisions made by counsel are strategic." *Fair v. State*, 102 So. 3d 1165, 1169 (¶12) (Miss. Ct. App. 2012) (citation and internal quotation marks omitted). In the present case, Banks has failed to present specific evidence to

6

demonstrate that his attorney's performance was deficient and caused him to suffer prejudice. As our caselaw demonstrates, Banks's mere assertions regarding ineffective assistance of counsel are insufficient. *See Rigdon v. State*, 126 So. 3d 931, 936 (¶16) (Miss. Ct. App. 2013). We therefore find that this claim lacks merit.

¶16. **THE JUDGMENT OF THE CLAIBORNE COUNTY CIRCUIT COURT DENYING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAIBORNE COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**