976 So.2d 406 (2008)
Darious CALVERT a/k/a D.C. a/k/a D-Gully, Appellant
v.
STATE of Mississippi, Appellee.
No. 2007-CA-00604-COA.
Court of Appeals of Mississippi.
March 4, 2008.
Robert Sneed Laher, Corinth, attorney for appellant.
Office of the Attorney General by Ladonna C. Holland, attorney for appellee.
Before KING, C.J., GRIFFIS, ROBERTS and CARLTON, JJ.
GRIFFIS, J., for the Court.
¶ 1. Darious Calvert appeals the denial of his motion to withdraw his guilty plea. As error, Calvert argues that: (1) his guilty plea was entered involuntarily and (2) he was denied effective assistance of counsel. We find that this Court is without jurisdiction to hear a direct appeal from a guilty plea and must dismiss the appeal.

FACTS
¶ 2. Calvert was indicted by a Lee County grand jury for possession of methamphetamine with intent to sell, transfer, or distribute while in possession of a firearm. Under Mississippi Code Annotated section 41-29-139(b)(1) (Rev.2005), Calvert faced a maximum sentence of thirty years and up to a $1,000,000 fine for the sale of methamphetamine. Because Calvert possessed a firearm, that maximum sentence and fine could be doubled by the court pursuant to Mississippi Code Annotated section 41-29-152 (Rev.2005).
¶ 3. On August 18, 2006, Calvert entered a guilty plea. The circuit court sentenced Calvert to the State's recommended sentence of sixteen years, with ten years suspended, and a fine of $5,000, with $3,500 suspended. On December 6, 2006, after retaining new counsel, Calvert filed a motion to withdraw his guilty plea. The circuit court found that the motion was not well taken and denied it by order dated *407 March 21, 2007. It is from this judgment that Calvert now appeals.

ANALYSIS
¶ 4. The initial issue before this Court is whether an appellate court has jurisdiction to hear a direct appeal from the circuit court's denial of Calvert's motion to withdraw his guilty plea. Of course, that is not the issue argued by Calvert. Calvert does not mention the jurisdiction issue. This Court, however, is always mindful of its jurisdiction. This Court does not have jurisdiction to consider Calvert's appeal from the circuit court's order because a direct appeal is not proper once a defendant enters a guilty plea. Miss.Code Ann. § 99-35-101 (Rev.2007).
¶ 5. The supreme court addressed this exact issue in Berry v. State, 722 So.2d 706, 707(¶ 5) (Miss.1998). There, like Calvert, the defendant filed a motion to set aside his guilty plea that was denied. Berry contended that the trial court erred in denying his motion because his plea was not entered voluntarily. Id. at (¶ 4). The supreme court held that it did "not have jurisdiction on direct appeal when only a guilty plea is being challenged. Miss.Code Ann. § 99-35-101 (1994). Instead a defendant must file a motion for collateral conviction relief pursuant to Miss.Code Ann. § 99-39-5 (1994)." Berry, 722 So.2d at 707(¶ 5).
¶ 6. Calvert argues that the circuit court erred in denying his motion to withdraw his guilty plea because he received ineffective assistance of counsel and because his plea was not entered voluntarily. If Calvert had appealed the sentence issued by the circuit court after he entered his guilty plea, this Court would have jurisdiction. Berry, 722 So.2d at 707(¶ 5) (citing Trotter v. State, 554 So.2d 313, 315 (Miss.1989)). Because Calvert only attacks the plea itself and makes no assignment of error regarding the validity of his sentence, we must find that this Court is without jurisdiction and must dismiss this appeal. Indeed, Calvert may assert his claims of ineffective assistance of counsel and the involuntariness of his plea in a motion for post-conviction collateral relief. See Berry, 722 So.2d at 708(¶ 7); Miller v. State, 794 So.2d 1065, 1067(¶ 6) (Miss.Ct.App. 2001).
¶ 7. THE APPEAL FROM THE CIRCUIT COURT OF LEE COUNTY IS DISMISSED FOR LACK OF JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.