BARNES, J.,
 

 for the Court:
 

 ¶ 1. Douglas Miller, appearing pro se, appeals the Circuit Court of Oktibbeha County’s dismissal of his motion for post-conviction relief. Finding no error, we affirm.
 

 STATEMENT OF THE FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. In January 2008, an Oktibbeha County grand jury returned a two-count indictment against Miller for the sale of marijuana (less than thirty grams) and possession of marijuana (more than thirty grams but less than 250 grams). As part of Miller’s plea agreement, Count II of the indictment was amended to exclude charging Miller under Mississippi Code Annotated section 41-29-147 (Rev.2009) as a prior violator of the Uniform Controlled Substances Act and to exclude the language in Count II reading “with intent to distribute said marijuana to another person or persons to the Grand Jury unknown.” In August 2008, Miller entered a guilty plea to both counts as amended.
 

 ¶ 3. For Count I, the trial court found that Miller was a habitual offender under Mississippi Code Annotated section 99-19-
 
 *947
 
 81 (Rev.2007) and a prior violator of the Uniform Controlled Substances Act, thereby sentencing him to serve a term of six years in the custody of the Mississippi Department of Corrections (MDOC). The trial court also ordered Miller to pay a fine of $6,000 and all court costs. For Count II, the trial court sentenced Miller to three years in the custody of the MDOC as a habitual offender under section 99-19-81, imposing a fine of $6,000, and all court costs. Neither of Miller’s sentences was to be reduced nor suspended, nor was he eligible for parole, probation, early release, or any good time credit. The trial court ordered the sentences to run consecutively-
 

 ¶ 4. In March 2009, Miller filed a pro se “Notice of Appeal” of his August 2008 sentencing order. The trial court entered an order stating Miller was improperly attempting to appeal his guilty plea and suggested Miller file a motion for post-conviction relief. Miller did so in June 2009, raising the following issues: the trial court erred in sentencing Miller as a habitual offender as his two prior felonies were over ten years old; the sentence in Count I was improper; he received ineffective assistance of counsel; the search and seizure was illegal; and the charge in Count II of ppssession of marijuana was improper. Miller also filed a motion to expunge his record of two prior felonies of aggravated assault and sale of cocaine.
 

 ¶ 5. On June 26, 2009, the trial court dismissed Miller’s motion for ^ost-conviction relief and found his offenses could not be expunged as a matter of law. Miller now appeals, challenging the legality of his sentence for Count I, and claiming ineffective assistance of counsel and a-defective indictment.
 

 STANDARD OF REVIEW
 

 ¶ 6. The trial court’s dismissal of a motion for post-conviction relief will not be disturbed unless the decision is found to be clearly erroneous.
 
 Williams v. State,
 
 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004). Questions of law are reviewed de novo.
 
 Id.
 

 ANALYSIS
 

 ¶ 7. Miller raises three specific issues, which we shall discuss in turn. Miller also claims that the trial court never actually ruled on his motion for post-conviction relief, but only on the motion to expunge his prior felonies. While we find that the court’s order could have been clearer, it does state that the trial court reviewed the record of proceedings, sentencing order, and pleadings for the post-conviction matter. The order stated that Miller’s prior felony convictions cannot be expunged as a matter of law, and then the trial court dismissed the “petition” without the need for a hearing. We take “petition” to mean the motion for post-conviction relief; thus, we find the trial court ruled on Miller’s motion for post-conviction relief.
 

 1. Sentence
 

 ¶ 8. Generally, Miller contends that an illegal sentence is appealable despite a guilty plea, citing
 
 Berry v. State,
 
 722 So.2d 706, 707 (¶ 5) (Miss.1998). However, we note this is no longer the law. Mississippi Code Annotated section 99-35-101 (Supp. 2009) was amended and became effective July 1, 2008, one month prior to Miller’s guilty plea. The statute was amended to prohibit any direct appeal upon entry of a guilty plea. Prior to the amendment, a defendant who entered a guilty plea and was sentenced could challenge the validity of his sentence on direct appeal.
 
 Burrough v. State,
 
 9 So.3d 368, 374 (¶ 19) (Miss.2009);
 
 Trotter v. State,
 
 554 So.2d 313, 315 (Miss.1989);
 
 Berry,
 
 722 So.2d at 707 (¶ 5). Since Miller raises the validity
 
 *948
 
 of his sentence in a post-conviction relief motion, however, we may consider his argument if he meets the requirements of Mississippi Code Annotated section 99-39-5 (Supp.2010).
 

 ¶ 9. Specifically, Miller argues that his sentence is illegal for Count I. Miller received six years in the custody of the MDOC and a fíne of $6,000 for the sale of marijuana in an amount less than thirty grams, pursuant to Mississippi Code Annotated section 41-29-139 (Rev.2009) in Count I. He was sentenced as a habitual offender under section 99-19-81, which states that if a person has been convicted of a felony twice previously “arising out of separate incidents at different times” and who was sentenced to separate terms of one year or more, he “shall be sentenced to the maximum term of imprisonment” for that felony, “and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.” Miller’s sentence was also enhanced under section 41-29-147 due to a prior drug conviction. This statute provides in pertinent part: “any person convicted of a second or subsequent offense under this article may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both.” Miss.Code Ann. § 41-29-147.
 

 ¶ 10. “Sentencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute.”
 
 Gibson v. State,
 
 731 So.2d 1087, 1097 (¶ 28) (Miss.1998) (quoting
 
 Hoops v. State,
 
 681 So.2d 521, 537 (Miss.1996)). Here, however, the trial court had no discretion due to the effect of section 99-19-81. Accordingly, Miller received the maximum sentence and fíne for the offense without eligibility for parole or probation under section 99-19-81, and the sentence was doubled under section 41-29-147. Miller’s sentence and fíne for Count I does not violate the statutory maximum and is not illegal.
 

 2. Indictment
 

 ¶ 11. Miller claims his indictment for Count I was defective because in the body of the document the word “cocaine” was crossed out and the word “marijuana” was written above it, and the indictment was never properly amended or presented to the grand jury. We note that Miller did not raise this issue before the trial court.
 

 ¶ 12. The Mississippi Supreme Court has held that the entry of a guilty plea does not waive such jurisdictional defects as the failure of an indictment to charge an essential element of an offense.
 
 Kincaid, v. State,
 
 711 So.2d 873, 877 (¶ 20) (Miss.1998) (citing
 
 Jefferson v. State,
 
 556 So.2d 1016, 1019 (Miss.1989)). Therefore, Miller is correct that he makes a jurisdictional challenge to the indictment which cannot be waived even though he pleaded guilty. However, Miller’s argument lacks merit.
 

 ¶ 13. We note the indictment only has an internal inconsistency and does not contain the wrong controlled substance throughout. At the top of the indictment is typed the correct controlled substance of marijuana for both offenses; it is in the body of the indictment that the incorrect substance of cocaine is crossed out and replaced with marijuana. The record is unclear as to when this correction was made. It is well established that “[a]ny amendment not approved by the grand jury must be of form only and must not affect the substance of the charge pending.”
 
 McLarty v. State,
 
 842 So.2d 590, 593 (¶ 11) (Miss.Ct.App.2003) (citing
 
 Rhymes v. State,
 
 638 So.2d 1270, 1275 (Miss.1994)). However, it is Miller’s burden to prove by a preponderance of evidence that he is entitled to post-conviction relief. Miss.
 
 *949
 
 Code Ann. § 99-39-23(7) (Supp.2010). Therefore, in order to prove his indictment is defective, Miller must show that the internal correction was made after the grand jury approved the indictment, and the two offenses at the top of the indictment with the correct controlled substance of marijuana were typed in after the grand jury’s approval. Miller, however, offers no such proof. Therefore, this issue is without merit.
 

 3. Ineffective Assistance of Counsel
 

 ¶ 14. Miller argues that his counsel was ineffective. Specifically, he claims his guilty plea was deceptively induced by his defense counsel; defense counsel should have known and informed Miller that his indictment was defective; and his attorney should have alleged an illegal search and seizure of the drugs. Miller concludes that the outcome of the plea would have been different but for these errors.
 

 ¶ 15. In order to prove ineffective assistance of counsel, the defendant must show: (1) counsel’s performance was deficient, and (2) this deficiency prejudiced the defense.
 
 Liddell v. State,
 
 7 So.3d 217, 219 (¶ 6) (Miss.2009) (quoting
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). “[A] court must indulge a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance .... ”
 
 Id.
 
 (quoting
 
 Strickland,
 
 466 U.S. at 689, 104 S.Ct. 2052.) In the context of guilty pleas, the defendant must show “unprofessional errors of substantial gravity” and show “that the deficient conduct proximately resulted in his guilty plea, and but for counsel’s errors, he would not have entered the plea.”
 
 Cole v. State,
 
 918 So.2d 890, 894 (¶ 10) (Miss.Ct.App.2006) (citing
 
 Reynolds v. State,
 
 521 So.2d 914, 918 (Miss.1988)). The defendant must allege facts of ineffective assistance with “specificity and detail.”
 
 Kinney v. State,
 
 737 So.2d 1038, 1041 (¶ 8) (Miss.Ct.App.1999) (citing
 
 Cole v. State,
 
 666 So.2d 767, 777 (Miss.1995)). Moreover, “the trial court may dismiss a motion for post-conviction relief if the petitioner fails to submit affidavits in support of his allegations” of ineffective assistance; petitioner’s bare assertions are insufficient.
 
 Mayhan v. State,
 
 26 So.3d 1072, 1076 (¶ 10) (Miss.Ct.App.2009).
 

 ¶ 16. Miller fails to show how his counsel was deficient and how this prejudiced his defense. The record does not support any of his allegations of incompetence. The guilty plea petition and transcript of the plea hearing show counsel was competent and gave “reasonable professional assistance” during all stages of the proceedings. Further, Miller did not submit 'affidavits supporting his allegations, but only offered bare assertions of ineffectiveness, which is insufficient. At the plea hearing, Miller testified that he had discussed his case with his lawyer and was satisfied with his advice. He admitted guilt on both counts. Miller also signed a sworn oath — his petition to enter a plea of guilty — which stated his lawyer had fully informed him on all matters of his case (including the nature of the charges and possible defenses; counsel did not threaten or induce him to enter a plea; and he was satisfied with his counsel’s advice). “Great weight is given to statements made under oath and in open court during sentencing.”
 
 Ward v. State,
 
 879 So.2d 452, 455 (¶ 11) (Miss.Ct.App.2003) (quoting
 
 Gable v. State,
 
 748 So.2d 703, 706 (¶ 11) (Miss.1999)). We find no merit to this argument.
 

 ¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS
 
 *950
 
 AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIB-BEHA COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.