GRIFFIS, P.J.,
for the Court:
¶ 1. Frederick Small directly appeals from an order denying his motion to dismiss his legal counsel and withdraw his guilty plea entered in the DeSoto County Circuit Court. We find that this Court is without jurisdiction to hear Small’s appeal. Therefore, we dismiss the appeal without prejudice to allow Small to proceed under the Mississippi Uniform Post-Conviction Collateral Relief Act.
FACTS
¶ 2. In November 2008, a DeSoto County grand jury indicted Small and Austin Smith together on three charges: conspiracy to commit burglary of a dwelling, burglary of dwelling, and attempted larceny. The State later filed a motion to amend Small’s indictment to charge Small as a habitual offender under Mississippi Code Annotated section 99-19-81 (Miss.2007), which the trial court heard and granted on June 3, 2009.
¶ 3. Pursuant to a plea agreement, Small pleaded guilty to burglary of a dwelling on August 5, 2009. The two other charges were remanded to Small’s file. Sentencing was continued until November 3, 2009.
¶ 4. On September 28, 2009, Small filed a pro se motion styled, “Motion for Withdrawal of Plea and Withdrawal of Counsel.” It was therein claimed that Small’s guilty plea was involuntarily, unknowingly, and unintelligently given because: the district attorney’s office had misrepresented facts to the elements of the crime of burglary; Small’s attorney had manipulated him into pleading guilty, thereby causing Small to plead guilty under duress; Small was without a full understanding of the consequences of his guilty plea; and no physical evidence existed in the case connecting Small to the crime. Small also claimed that his attorney was ineffective for failing to investigate the charge, use important evidence, acquire three alibi witnesses, and object to the fact the district attorney’s office had a witness (Smith) willing to testify against him if the matter went to trial.
¶ 5. Small’s sentencing hearing was finally held on February 2, 2010. The trial court addressed Small’s motion at the outset of the hearing and found it not well taken; an order was entered to that effect, which was filed with circuit clerk’s office on February 4, 2010. The trial court accepted the State’s sentencing recommendation, as set forth in Small’s plea agreement with the district attorney’s office, and sentenced Small to eighteen years in the custody of the Mississippi Department of Corrections. The sentencing order was filed February 11, 2010. Small filed a notice of appeal on February 18, 2010, purporting to appeal the trial court’s order denying his motion to withdraw his guilty plea and to dismiss his legal counsel.
¶ 6. On appeal, Small maintains that the trial court erred in not allowing him to withdraw his guilty plea and in not dismissing his legal counsel. Small also as *1181 serts, for the first time on appeal, that the habitual-offender status of his sentence is illegal because the State failed to prove that he had previously been convicted of two separate felonies and sentenced to separate terms of one year or more on each conviction.
ANALYSIS
¶ 7. Because Small entered a guilty plea, a direct appeal is not available to him. Shanks v. State, 906 So.2d 760, 761 (¶ 3) (Miss.Ct.App.2004). Mississippi Code Annotated section 99-35-101(Supp.2011) states:
Any person convicted of an offense in a circuit court may appeal to the Supreme Court. However, where the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed.
Previously, although a defendant could not attack his guilty plea, he could challenge his sentence on direct appeal; however, this Court has held that this is no longer the law. Miller v. State, 61 So.3d 944, 947 (¶ 8) (Miss.Ct.App.2011). The 2008 amendment to section 99-35-101 now “prohibit[s] any direct appeal upon entry of a guilty plea.” Id. Instead, the defendant must file a motion for post-conviction collateral relief (PCR) pursuant to Mississippi Code Annotated section 99-39-5 (Supp. 2011). Calvert v. State, 976 So.2d 406, 407 (¶ 5) (Miss.Ct.App.2008) (citing Berry v. State, 722 So.2d 706, 707 (¶ 5) (Miss.1998)).
¶ 8. Small did not file a PCR motion in this instance; rather, he directly appealed the trial court’s order denying his motion to withdraw his guilty plea and to dismiss his legal counsel. Pursuant to section 99-35-101, we are without jurisdiction to hear this appeal; thus, we may not touch upon on the merits of any of Small’s claims asserted herein. Miss.Code Ann. § 99-35-101.
¶ 9. Consistent with Calvert, we dismiss Small’s appeal without prejudice in order to allow Small, if he so chooses, to raise the above mentioned claims in a properly filed PCR motion in the trial court in accordance with section 99-39-5. See Calvert, 976 So.2d at 407 (¶ 6). If dissatisfied with the trial court’s ruling on that motion, then Small may appeal that ruling pursuant to Mississippi Code Annotated section 99-39-25 (Rev.2007).
¶ 10. THE APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
LEE, C.J., IRVING, P.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.