LEE, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. On May 17, 2012, in the Claiborne County Circuit Court, Godfrey Joseph was tried for possession of a firearm by a felon. After the State rested, Joseph entered a guilty plea. The State recommended Joseph be sentenced to five years in the custody of the Mississippi Department of Corrections, with only one year and a day to serve followed by post-release supervision. The trial court agreed with that recommendation and sentenced Joseph to serve one year and one day, with the remainder of the five-year sentence to be served on post-release supervision. The trial court also ordered Joseph to remain out of Claiborne County during his post-release supervision.
¶ 2. Joseph filed a motion to reconsider the banishment portion of the sentence, which the trial court dismissed for lack of jurisdiction. This appeal followed.
STANDARD OF REVIEW
¶ 3. “Jurisdictional matters are a question of law[;] thus the standard of review is de novo.” Payne v. State, 966 So.2d 1266, 1269 (¶7) (Miss.Ct.App.2007).
DISCUSSION
¶ 4. Joseph asserts that the trial court erred when it did not sentence him in accordance with the plea agreement, particularly that the trial court erred by banishing Joseph from Claiborne County during his post-release supervision.
¶ 5. Because Joseph pleaded guilty, a direct appeal is not available to him. Under Mississippi Code Annotated section 99-35-101 (Supp.2012):
Any person convicted of an offense in a circuit court may appeal to the Supreme Court. However, where the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed.
This was not always the case. Prior to the 2008 amendment of section 99-35-101, “a defendant who entered a guilty plea and was sentenced could challenge the validity of his sentence on direct appeal.” Fair v. State, 102 So.3d 1165, 1170 (¶ 16) (Miss.Ct.App.2012). The newly amended statute now “prohibits any direct appeal upon entry of a guilty plea.” Id. Instead of a direct appeal, a defendant must file a petition for post-conviction relief in accordance with Mississippi Code Annotated section 99-39-5 (Supp.2012). Joseph did not file a petition for post-conviction relief. Rather, he filed a direct appeal from the dismissal of his motion for the trial court to reconsider the banishment portion of his sentence. “Pursuant to [Mississippi Code Annotated] section 99-35-101, we are without jurisdiction to hear this appeal; thus, we may not touch upon the merits of ... [Joseph’s] claim[ ] asserted herein.” Small v. State, 81 So.3d 1179, 1181 (¶8) (Miss.Ct.App.2011).
¶ 6. We dismiss Joseph’s appeal without prejudice. If he so chooses, he may raise this claim in a properly filed petition for post-conviction relief. Id. at (¶ 9).
¶ 7. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.