LEE, C.J.,
for the Court:
¶ 1. Robert Lee Dobbins pleaded guilty to armed robbery and was sentenced to serve eight years in the custody of the Mississippi Department of Corrections, with ten years of post-release supervision. Dobbins filed a motion for post-conviction relief, which the trial court dismissed. Dobbins now appeals, asserting his trial counsel was ineffective, and the trial court erred in failing to advise him of his right to appeal.
STANDARD OF REVIEW
¶ 2. When reviewing a trial court’s denial or dismissal of a motion for post-conviction relief, we will only disturb the trial court’s factual findings if they are clearly erroneous; however, we review the trial court’s legal conclusions under a de novo standard of review. Doss v. State, 19 So.3d 690, 694 (¶ 5) (Miss.2009).
DISCUSSION
I. INEFFECTIVE ASSISTANCE OF COUNSEL
¶ 3. In his first issue on appeal, Dobbins argues his trial counsel was ineffective for allowing him to plead guilty to armed robbery because the indictment did not properly charge armed robbery. In order to prevail on an ineffective-assistance-of-counsel claim, Dobbins must show: (1) his counsel’s performance was deficient, and (2) the deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Because Dobbins challenges a guilty plea based on ineffective assistance of counsel, he must show “counsel’s errors proximately resulted in the guilty plea[,] and, but for counsel’s error, he would not have entered the guilty plea.” Deloach v. State, 937 So.2d 1010, 1011 (¶ 5) (Miss.Ct.App.2006).
¶ 4. Generally, a valid guilty plea waives all non-jurisdictional defects in an indictment. Joiner v. State, 61 So.3d 156, 158-59 (¶ 7) (Miss.2011). However, an indictment’s failure to charge a crime or a specific element of that crime is a substantive defect that cannot be waived. Kincaid v. State, 711 So.2d 873, 877 (¶20) (Miss.1998). Dobbins contends the indictment failed to use the words “armed robbery.” However, the indictment tracked the language of Mississippi Code Annotated section 97-3-79 (Rev.2006), which uses the phrase “exhibition of a deadly weapon” rather than “armed robbery.” “[A]s a general rule, an indictment which tracks the language of a criminal statute is sufficient to inform the defendant of the charge against him.” Ford v. State, 911 So.2d 1007, 1012-13 (¶ 14) (Miss.Ct.App.2005).
*805 ¶ 5. Dobbins was clearly put on notice that he was charged with armed robbery. Thus, we cannot find his trial counsel was ineffective in advising him to plead guilty. In fact, Dobbins’s trial counsel was able to get the State to recommend an eight-year sentence and get Dobbins’s four other charges dismissed in exchange for a guilty plea. This issue is without merit.
II. RIGHT TO APPEAL
¶ 6. In his other issue on appeal, Dobbins contends the trial court erred in failing to advise him he could directly appeal to the Mississippi Supreme Court. However, Mississippi Code Annotated section 99-35-101 (Supp.2012) states that “where the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the [s]upreme [c]ourt shall be allowed.” Dobbins is under the impression that even though he pleaded guilty, he still has the right to appeal his sentence. Prior to a 2008 amendment, section 99-35-101 did not include the phrase “and is sentenced”; thus, a defendant could challenge a sentence on direct appeal. See Small v. State, 81 So.3d 1179, 1181 (¶ 7) (Miss.Ct.App.2011). Since Dobbins pleaded guilty on December 15, 2009, the new version of section 99-35-101 applied to his case. This issue is without merit.
¶ 7. THE JUDGMENT OF THE DE-SOTO COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.