# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-01123-COA

**AVERY UNDERWOOD A/K/A AVERY DUANE UNDERWOOD**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                           **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/20/2021 |
| TRIAL JUDGE: | HON. MICHAEL PAUL MILLS JR. |
| COURT FROM WHICH APPEALED: | ITAWAMBA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | AVERY UNDERWOOD (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ASHLEY LAUREN SULSER |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | APPEAL DISMISSED - 04/25/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., GREENLEE AND McDONALD, JJ.**

**McDONALD, J., FOR THE COURT:**

¶1. In 2019, Avery Underwood pleaded guilty to charges of second-degree murder for killing his wife, Destiny Ann Underwood. The Itawamba County Circuit Court sentenced Underwood to forty years in the custody of the Mississippi Department of Corrections, with thirteen years suspended and twenty-seven years to serve, and five years of post-release supervision. Underwood filed several motions to vacate his guilty plea and now appeals pro se the September 2021 dismissal of his latest one. Underwood argues that his plea was not knowingly or voluntarily made because of "deficient advice of counsel" and "excessive pressure." Having considered the record, Underwood's arguments, and the State's reply, we dismiss Underwood's appeal without prejudice.

**Facts**

¶2.      On February 22, 2019, Underwood was indicted by an Itawamba County grand jury for killing his wife, Destiny, on June 5, 2018.  There is nothing in the record concerning the circumstances surrounding the victim's death.  Underwood was charged with first-degree (deliberate-design) murder under Mississippi Code Annotated section 97-3-19(1)(a) (Supp. 2017).  After several continuances, the matter was set for trial on January 11, 2021.

*Plea Hearing*

¶3.      On January 6, 2021, the circuit court entered an agreed order reducing Underwood's charge from first-degree murder to second-degree murder because Underwood desired to plead guilty.  On that same day, the circuit court conducted a hearing to determine if Underwood's plea of guilty to second-degree murder was knowing and voluntary.

¶4.      During that hearing, the circuit court judge specifically asked Underwood, a twenty-three-year-old high school graduate, if he understood that the court would not accept his guilty plea if Underwood maintained that he was innocent.  After conferring with his attorney, Underwood answered in the affirmative, saying he understood.  The judge proceeded to review each of the constitutional rights that Underwood was waiving. Underwood said he understood that he was giving up these rights.

¶5.      The judge then read the indictment to Underwood and asked Underwood:

Court:        Mr. Underwood, did you understand th[e]charge[] that's been
                  filed against you in this cause?

Underwood:  Yes, sir. Your Honor.

Court:        Did you, in fact, commit that offense?

2

Underwood:  Yes, sir.

¶6.    The judge confirmed with Underwood that the charge had been reduced from first-degree murder to second-degree murder, which Underwood said he knew.  At the court's request, the State reviewed the minimum and maximum sentences that could be imposed for second-degree murder and made its recommendation of a forty-year sentence, with twenty-seven years to serve, and five years of post-release supervision, along with fines and costs. Underwood said that this was the recommendation he was expecting the State to make, but he understood that the court was not bound by that recommendation.  Thereafter, the judge asked:

Court:        Mr. Underwood, has anyone forced you in any way, put any pressure on you, or promised you anything in order to get you to enter a plea of guilty here today?

Underwood:  No, sir.

Underwood's attorney confirmed with the court that he had reviewed with Underwood the charges against him, the constitutional rights Underwood was waiving, and the consequences of pleading guilty.  The judge then asked Underwood:

Court:        Mr. Underwood, do you believe your attorney has properly advised you before entering your plea of guilty and properly represented your interest in this case.

Underwood:  Yes, sir, Your Honor.

Court:        Mr. Underwood, are you satisfied with the legal services and advice of your attorney?

Underwood:  Yes, sir, Your Honor.

Court:        Do you have any questions about what's taking place today?

Underwood: No, sir, Your Honor.

After reviewing the second-degree murder charge again, Underwood was asked how he pleaded, to which Underwood responded, "Guilty, Your Honor, sir."

¶7. After allowing both Underwood and the State to make any final statements,[1] the court accepted the State's recommendation and sentenced Underwood to forty years in the custody of the Mississippi Department of Corrections with thirteen years suspended, twenty-seven years to serve, and five years of post-release supervision, along with fines and costs.

*Underwood's Post-trial Motions to Vacate Sentence*

¶8. On March 3, 2021, the circuit court clerk received and filed a document entitled "Request to See Jail Administrator" that Underwood had completed on March 1, 2021. In it, Underwood requested to see the judge to withdraw his guilty plea. Underwood noted that he needed to see the judge before the end of the term of the court. Underwood stated the District Attorney "bluffed" about the plea, and "bluffing is lieing [sic]; lieing is pergery [sic]."

¶9. On March 4, 2021, the circuit court entered an order addressing Underwood's filing, considering it as a motion to withdraw his guilty plea. The court reviewed a transcript of Underwood's guilty plea and found that the plea had been entered intelligently and voluntarily. The circuit court also noted that Underwood had filed the motion in his criminal case. Accordingly, the court denied the motion.

¶10. On March 9, 2021, Underwood filed another "Request to See Jail Administrator" in

---

[1] Underwood's attorney expressed Underwood's remorse, and the grandmother of the victim expressed the family's feelings to the court.

4

which he stated that he did not intend to imply that bluffing or stalling were his reasons to withdraw his plea. He said he just wanted to meet with the court to explain that his reasons for seeking relief were that his public defender forced him to take the plea and that he did not understand the charges pending against him. Underwood attached a hand-written letter to the judge, which he titled "Motion to Vacate Plea." In it, Underwood stated that his attorney kept pressing him to take the plea and failed to explain what "murder-2" was. After looking later looking up the definition, Underwood felt that he was not guilty of "murder-2."

¶11. On April 8, 2021, the circuit court issued an order denying relief in Underwood's March 9, 2021, filing. Thereafter, on June 11, 2021, and on August 9, 2021, Underwood filed two subsequent motions to vacate his plea, arguing that his counsel was ineffective.

¶12. On September 15, 2021, the circuit court denied Underwood's motions to vacate the plea. The court explained that Underwood's arguments from his previous motions remained unchanged as did the court's analysis. The court reasoned that during the plea colloquy, Underwood had no questions and knowingly and voluntarily entered a plea of guilty. The circuit court further noted that Underwood "filed the instant motion in his criminal case" and clarified that the court's order denying relief did not prevent Underwood from pursuing post-conviction collateral relief by a motion "filed as *an original civil action* in the trial court." The court's order was mailed to Underwood on September 20, 2021.

*Appeal*

¶13. On September 28, 2021, Underwood filed a letter with the Mississippi Supreme Court

5

that in effect appealed the circuit court's denial of his last motion to vacate.[2]

¶14.    In his pro se brief on appeal, Underwood argues that the circuit court erred in denying his motion to vacate his guilty plea which he contends was not knowingly and voluntarily made because he received ineffective assistance of counsel.  The State responds that this Court lacks jurisdiction to consider Underwood's appeal and that the appeal lacks merit.

**Discussion**

¶15.    The first question we must decide is whether this Court has jurisdiction to consider the circuit court's denial of Underwood's motion to vacate his guilty plea.  We have previously held that when a defendant entered a guilty plea, a direct appeal is not available to him.  *Small v. State*, 81 So. 3d 1179, 1181 (¶7) (Miss. Ct. App. 2011).  In that case, Small pleaded guilty to burglary of a dwelling on August 5, 2009.  *Id.* at 1180 (¶3).  Sentencing was deferred until November 3, 2009.  *Id.*  On September 28, 2009, Small filed a motion to withdraw his plea of guilty, claiming that his plea was not voluntary, that the prosecutor had misrepresented the facts, and that Small's attorney had manipulated him into pleading guilty.  *Id.* at (¶4).  The circuit court dealt with Small's motion at the sentencing hearing and denied it.  *Id.* at (¶5).  Small then appealed the order denying his motion to withdraw his guilty plea.

---

[2] This was not Underwood's first filing with Mississippi Supreme Court.  On April 5, 2021, he filed a Mandamus motion with the Supreme Court.  Motion, No. 2021-M-00350 (Miss. Apr. 5, 2021).  After determining that the circuit court had ruled on the motion, the supreme court dismissed the mandamus motion as moot.  Over the ensuing months, Underwood filed several other mandamus motions with the supreme court under the same cause number.  All motions were dismissed.  The appellate case also contains an order from a panel of this Court, entered on November 17, 2021, giving Underwood additional time to file his certificate of compliance for the appeal and dismissing what the Court perceived was Underwood's request for appointed counsel.

*Id*. On appeal, we cited Mississippi Code Annotated section 99-35-101 (Supp. 2011), which provided:

> Any person convicted of an offense in a circuit court may appeal to the Supreme Court. However, where the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed.

*Id*. at 1181 (¶7). We pointed out that before the second sentence of this statute was added in 2008, a defendant who pleaded guilty could directly challenge his sentence on appeal. *Id*.; Miss. Code Ann. § 99-35-101 (Rev. 2007). But the amendment prohibited such direct appeals. *See* 2008 Miss. Laws ch. 457, § 1 (S.B. 2100). Instead, such a defendant must now file a motion for post-conviction collateral relief (PCR) under Mississippi Code Annotated section 99-39-5 (Rev. 2020). Because Small did not file a PCR motion but rather pursued a direct appeal from the order denying his motion to withdraw his guilty plea, we held that we did not have jurisdiction to hear the appeal. *Small*, 81 So. 3d at 1181 (¶8). We reiterated this principle in *Dobbins v. State*, 172 So. 3d 803, 805 (¶6) (Miss. Ct. App. 2013), and *Joseph v. State*, 111 So. 3d 697, 698 (¶5) (Miss. Ct. App. 2013).

¶16. In this case, like the defendants in *Small*, *Dobbins*, and *Joseph*, Underwood has directly appealed the circuit court's denial of his motion to withdraw his guilty plea. In *Small*, we dismissed the appeal without prejudice "in order to allow Small, if he so chooses, to raise [his] claims in a properly filed PCR motion in the trial court in accordance with section 99-39-5." *Small*, 81 So. 3d at 1181 (¶9). We do the same in this case, dismissing Underwood's appeal without prejudice so that if he chooses, he may raise his claim of ineffective assistance of counsel in a properly filed PCR motion in accordance with section

99-39-5.

## Conclusion

¶17. Because section 99-35-101 prohibits the direct appeal of a guilty plea, we lack jurisdiction to consider Underwood's appeal. The appeal is dismissed without prejudice in order for Underwood to file the necessary PCR motion under section 99-39-5 if he chooses.

¶18. **APPEAL DISMISSED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**