# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-KA-00499-COA

**WARREN J. SOILEAU JR. A/K/A WARREN J. SOILEAU A/K/A WARREN SOILEAU**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                                 **APPELLEE**

DATE OF JUDGMENT:              07/08/2021
TRIAL JUDGE:                  HON. DAVID H. STRONG JR.
COURT FROM WHICH APPEALED:     WALTHALL COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        DOUGLAS EDWARD MILLER
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                               BY: SCOTT STUART
DISTRICT ATTORNEY:             DEE BATES
NATURE OF THE CASE:            CRIMINAL - FELONY
DISPOSITION:                   APPEAL DISMISSED - 06/27/2023
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., LAWRENCE AND SMITH, JJ.**

**SMITH, J., FOR THE COURT:**

¶1.     On June 14, 2021, Warren Soileau Jr. pled guilty in the Walthall County Circuit Court to one count of possession of a firearm by a felon. Prior to his sentencing hearing, Soileau moved to withdraw his guilty plea. At a hearing on June 28, 2021, the circuit court denied Soileau's requests to withdraw his guilty plea and sentenced Soileau to ten years in custody with credit for time served and with the remainder of his sentence suspended, followed by five years of post-release supervision. Ten days after the circuit court entered its written sentencing order, Soileau moved to vacate the order or, alternatively, for a new trial. Soileau's motion sought the same relief he had requested in his prior motions to withdraw

his guilty plea. Aggrieved by the circuit court's denial of his motion to vacate his sentence or, alternatively, for a new trial, Soileau appeals.

¶2. The Mississippi Clerk of Appellate Courts sent Soileau a notice and directed him to show cause under Mississippi Rules of Appellate Procedure 3 and 4 as to "why [his] appeal should not be dismissed for lack of an appealable judgment from a direct criminal appeal of a guilty plea." Following Soileau's response to the show-cause notice, this Court entered an order on its own motion to allow the appeal to proceed, and we passed the issue of jurisdiction for consideration with the merits of the appeal. Upon review, we find this Court lacks jurisdiction to hear Soileau's appeal. We therefore dismiss his appeal without prejudice to Soileau's opportunity to raise his claims in a properly filed motion for post-conviction collateral relief (PCR).

**DISCUSSION**

¶3. Based on both Mississippi statutory law and caselaw, we find this Court lacks jurisdiction over Soileau's appeal. Mississippi Code Annotated section 99-35-101 (Rev. 2020) provides that "[a]ny person convicted of an offense in a circuit court may appeal to the Supreme Court. However, where the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed." In addition, this Court has recognized that when a defendant pleads guilty, he may not challenge his guilty plea on direct appeal. *Small v. State*, 81 So. 3d 1179, 1181 (¶8) (Miss. Ct. App. 2011); *see also Underwood v. State*, 360 So. 3d 319, 323 (¶16) (Miss. Ct. App. 2023) (dismissing

2

without prejudice the defendant's direct appeal from the denial of his motion to withdraw his guilty plea).

¶4.    In *Small*, the defendant pled guilty but later unsuccessfully moved to withdraw his guilty plea and dismiss his legal counsel. *Small*, 81 So. 3d at 1180 (¶4). The defendant then directly appealed from the circuit court's order denying his motion. *Id.* at (¶5). On appeal, this Court concluded that "[b]ecause Small entered a guilty plea, a direct appeal [was] not available to him." *Id.* at 1181 (¶7). We further concluded that a properly filed PCR motion was the appropriate avenue of relief available to Small. *Id.* Because Small had directly appealed from the circuit court's order denying his motion rather than filing a PCR motion, we lacked jurisdiction over the appeal. *Id.* at (¶8). We therefore dismissed the appeal without prejudice to allow Small to assert his claims in a properly filed PCR motion. *Id.* at (¶9).

¶5.    Like Small, Soileau pled guilty but now attempts to challenge his guilty plea on direct appeal. As both Mississippi statutory law and caselaw clearly explain, however, the entry of Soileau's guilty plea and his subsequent sentencing prohibit such a course of action. We therefore lack jurisdiction over Soileau's appeal from the circuit court's order denying his motion to vacate his sentence or, alternatively, for a new trial. As a result, we dismiss Soileau's appeal without prejudice to his opportunity to seek PCR relief if he so chooses.

## CONCLUSION

¶6.    Because we lack jurisdiction over this appeal, we dismiss it without prejudice to

3

Soileau's opportunity to assert his claims in a properly filed PCR motion.

¶7.     **APPEAL DISMISSED.**

  **BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND EMFINGER, JJ., CONCUR.**