# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CP-01211-COA

PAUL J. VLASAK A/K/A PAUL JOSEPH VLASAK          APPELLANT

v.

STATE OF MISSISSIPPI          APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/24/2022 |
| TRIAL JUDGE: | HON. DEWEY KEY ARTHUR |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PAUL J. VLASAK (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ASHLEY LAUREN SULSER |
| DISTRICT ATTORNEY: | JOHN K. BRAMLETT JR. |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | APPEAL DISMISSED - 01/16/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., WESTBROOKS AND SMITH, JJ.**

**WILSON, P.J., FOR THE COURT:**

¶1. A Madison County grand jury indicted Paul Vlasak for burglary of a motor vehicle, Miss. Code Ann. § 97-17-33(1) (Rev. 2020) (Count I); three counts of fraudulently using another person's identity and identifying information, Miss. Code Ann. § 97-19-85 (Rev. 2020) (Counts II, III, and IV); and one count of identity theft, Miss. Code Ann. § 97-45-19 (Rev. 2020) (Count V). The circuit court subsequently granted the State's motion to amend the indictment to charge Vlasak as a violent habitual offender. In April 2022, Vlasak pled guilty to Counts II, III, and IV as a nonviolent habitual offender. In exchange, the State nolle prosequied Counts I and V. Following a plea hearing, the circuit court accepted Vlasak's

guilty pleas and sentenced him to serve three consecutive five-year terms in the custody of the Department of Corrections as a nonviolent habitual offender.

¶2.     In May 2022, Vlasak filed a "Motion to Modifie [sic] Sentence" in which he requested "mercy and empathy" based on various "mitigating factors." The circuit court denied Vlasak's motion, holding that it had no authority to modify his sentence because the motion was filed after the term of court had ended.[1] Vlasak subsequently filed a motion for reconsideration, which the circuit court denied, and then a notice of appeal.

¶3.     The State argues that Vlasak's appeal must be dismissed because it is essentially a direct appeal from a sentence entered following a guilty plea. We agree. A defendant is not entitled to file a direct appeal from a conviction or sentence entered following a guilty plea. Miss. Code Ann. § 99-35-101 (Rev. 2020). It follows that a defendant also cannot file a direct appeal from an order denying reconsideration of a sentence entered following a guilty plea. *Joseph v. State*, 111 So. 3d 697, 698 (¶¶4-5) (Miss. Ct. App. 2013). Therefore, we dismiss Vlasak's appeal. *Id.* at (¶6). Vlasak remains free to raise any post-conviction claims in a properly filed motion for post-conviction collateral relief. *Id.*

¶4.     **APPEAL DISMISSED.**

   **BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**

---

[1] *See, e.g.*, *Shinn v. State*, 74 So. 3d 901, 904 (¶11) (Miss. Ct. App. 2011) ("[O]nce the circuit judge pronounces a sentence in a felony case, a sentencing order is entered of record, and the term of court expires, the circuit judge is without jurisdiction to change or modify that sentence at a later time.").