MYERS, P.J.,
for the Court.
¶ 1. Jonas Smith pled guilty to the crime of statutory rape in violation of Mississippi Code Annotated § 97 — 3—65(l)(b) (Supp. 2005). He was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections, to be served day for day. Smith petitioned the circuit court for post-conviction relief, which was dismissed. Smith appeals to this Court raising the following three issues:
I. THE LANGUAGE IN PARAGRAPH FIVE OF THE PLEA PETITION IS TOO VAGUE TO INFORM DEFENDANT THAT HE IS WAIVING HIS RIGHT AGAINST SELF-INCRIMINATION.
II. THE SENTENCE OF THE PETITIONER IS GROSSLY DISPROPORTIONATE TO THAT OF OTHERS WHO WERE SENTENCED BY THIS SAME TRIAL COURT AND OTHERS IN THIS STATE.
III. IT IS SEX DISCRIMINATION ON ITS FACE FOR FEMALES CHARGED WITH THE SAME OF SIMILAR OFFENSE TO RECEIVE SUCH SUBSTANTIALLY REDUCED SENTENCES.
¶ 2. Finding that these issues are without merit, we affirm.
DISCUSSION
I. THE LANGUAGE IN PARAGRAPH FIVE OF THE PLEA PETITION IS TOO VAGUE TO INFORM DEFENDANT THAT HE IS WAIVING HIS RIGHT AGAINST SELF-INCRIMINATION.
¶ 3. As his first issue on appeal, Smith asserts that the language in the plea *414 petition was too vague to inform him of his right against self-incrimination. We do not agree.
¶ 4. A plea is considered “voluntary and intelligent” if the defendant is advised about the nature of the charge and the consequences of the entry of the plea. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). The defendant must be instructed that a guilty plea waives his or her rights to a jury trial, to confront adverse witnesses, and to protection against self-incrimination. Id. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), admonishes that a defendant must be informed of these constitutional rights prior to court adjudication that a guilty plea was intelligent and voluntary.
¶ 5. Although the words “self-incrimination” are not specifically stated in the plea petition or the colloquy, both clearly advise Smith of his constitutional rights to testify or not testify under both the United States and Mississippi constitutions. The record is not silent as to whether Smith was informed of his rights to testify or not. Paragraph five of the plea petition states the following:
I understand that I may Plead “NOT GUILTY” to any offense charged against me and the Constitution guarantees me:
(a) The right to have an attorney at all proceedings and if I cannot afford an attorney, the right to have one appointed to represent me at all stages of this charge;
(b) The right to plead not guilty and have a jury of my peers decide the question of guilt or not guilty to the charge;
(c) The right to challenge the composition of the Grand Jury and the Trial jury;
(d) the right to compel the attendance and testimony of witnesses for me and the right to confront and cross-examine witnesses against me;
(e) The right to testify or not testify, and that any confession I may have made must have been made voluntarily of my own free will at the time it was made or it cannot be used against me;
(f) the right to the presumption of innocence unless and until proven by credible evidence to be guilty beyond a reasonable doubt;
(g) The right to have all twelve jurors unanimously agree that I am guilty before a verdict of guilty can be rendered against me and that if I am convicted, I have a right to appeal that guilty verdict to the Supreme Court of Mississippi.
I understand that a plea of guilty gives up all of these and other rights and places the decision for the sentence to the charge within the sold [sic] discretion of the Judge of this Court.
Knowing and understanding the Constitutional guaranties set forth above, I hereby waive them and re-new my desire to enter a plea of guilty.
Paragraph five clearly states the rights of Smith and informs him that he is waving these rights. There is no ambiguity or vagueness about the rights that Smith is waiving by entering his plea of guilty. Subsection (e) clearly states that Smith has the right to testify or not testify and that by pleading guilty he has waived this right.
¶ 6. At the plea hearing the following exchange occurred between the court and Smith in accordance with Nelson v. State, *415 626 So.2d 121, 126 (Miss.1993) (holding the judge must conduct a face-to-face exchange in order to determine whether the accused knows and understands the rights to which he is entitled):
COURT: Now Jonas, paragraph 5 has got some very important rights if you plead not guilty you have, if you plead guilty you forfeit. And although you understand them I’m going to go back over them with you. Now, you understand that if you plead not guilty the law presumes you to be not guilty. The burden is on the State of Mississippi to prove you guilty beyond a reasonable doubt. It, also, entitles you to a full and complete trial by a jury. And like I told you, the only way you can be convicted is if all twelve jurors unanimously find you guilty. You’re entitled to have your attorney present with you at all stages of the preceding....
Now, Jonas, as a defendant in this case you have the absolute right not to testify. If you choose not to testify nothing can be said or used against you. That’s guaranteed to you by the Mississippi and United States Constitution. The Mississippi Constitution gives you one more right and that is the absolute right to testify. So whether you do or you do not testify is a decision Jonas Smith makes....
Now, do you understand those rights?
SMITH: Yes, sir.
¶ 7. We find that Smith was clearly informed by the trial court of his constitutional rights when he entered his guilty plea. Although the words “self-incrimination” are not specifically stated in either the Petition to Enter Plea of Guilty or at his plea hearing, Smith was fully aware of his constitutional rights, therefore, this issue is without merit.
II. THE SENTENCE OF THE PETITIONER IS GROSSLY DISPROPORTIONATE TO THAT OF OTHERS WHO WERE SENTENCED BY THIS SAME TRIAL COURT AND OTHERS IN THIS STATE.
III. IT IS SEX DISCRIMINATION ON ITS FACE FOR FEMALES CHARGED WITH THE SAME OF SIMILAR OFFENSE TO RECEIVE SUCH SUBSTANTIALLY REDUCED SENTENCES.
¶ 8. Smith’s second and third issues on appeal have been combined. Smith argues that he received a sentence that was more harsh than others across the state and that he was discriminated against since he is a male. These issues are without merit.
¶ 9. Smith was convicted under Mississippi Code Annotated § 97-3-65(l)(b) (Supp 2005). Mississippi Code Annotated § 97-3-65(3)(c) (Supp.2005) sets the maximum sentence at imprisonment for life to a minimum sentence of twenty years for the crime of statutory rape. Following the entry of his plea of guilty, Smith received the minimum sentence of twenty years. There is no disproportion or discrimination in sentencing a defendant to a term between the minimum and maximum allowed by statute. This issue is without merit.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF PEARL RIVER COUNTY DISMISSING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PEARL RIVER COUNTY.
*416 KING, C.J., LEE, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.