JAMES, J.,
for the Court:
¶ 1. Eric Pierce appeals the Attala County Circuit Court’s dismissal of his motion for post-conviction relief (PCR) as a successive writ. In the only issue he raises on appeal, he challenges this decision. Upon review, we find that the circuit court properly dismissed Pierce’s second PCR motion as a successive writ. Therefore, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On February 3, 2009, Pierce was indicted for armed robbery. Thereafter, Pierce entered a guilty plea, and he was sentenced to serve seventeen years in the custody of the Mississippi Department of Corrections (MDOC). A judgment of conviction and sentence was entered on March 2, 2009.
¶ 3. On August 10, 2010, Pierce filed a PCR motion, arguing that his guilty plea was involuntary and that he had received ineffective assistance of counsel. On August 19, 2010, the circuit court entered an order dismissing Pierce’s PCR motion. *871 Pierce never appealed the circuit court’s dismissal of this PCR motion.
¶ 4. On January 30, 2012, Pierce filed a second PCR motion, again arguing that his guilty plea was involuntary and that he had received ineffective assistance of counsel. On February 3, 2012, the circuit court entered an order dismissing Pierce’s PCR motion:
On this day, this court considered the [PCR motion] that was filed by [Pierce] on January 30, 2012. This court, having considered the matter, finds that this is the second time that Pierce has sought post-conviction relief from this court based on his [a]rmed [r]obbery conviction in Attala County Circuit Court [c]ause [n]umber 09-0016-CR. He was previously denied post-conviction relief in an order entered on August 19, 2010, in Attala County Circuit Court [c]ause [n]umber 10-0217-CV-L.
A review of Pierce’s current motion shows that he is seeking relief from the court on the same grounds that were raised in the motion that was filed and subsequently denied in [c]ause [n]umber 10-0217-CV-L. Thus, the [PCR motion] should be [dismissed] because it is a second or subsequent motion for post-conviction relief and is barred by Mississippi Code Annotated [s]ection 99-39-23(6).
It is therefore ordered and adjudged that the [PCR motion] filed on January 30, 2012[,] is [dismissed].
¶ 5. Pierce appealed the circuit court’s dismissal of his second PCR motion.
DISCUSSION
¶ 6. “When reviewing a [circuit] court’s denial or dismissal of a motion for post-conviction relief, we will reverse the judgment of the [circuit] court only if its factual findings are clearly erroneous; however, we review the circuit court’s legal conclusions under a de novo standard of review.” Grogan v. State, 89 So.3d 617, 619 (¶ 5) (Miss.Ct.App.2012) (quoting Beal v. State, 58 So.3d 709, 710 (¶ 2) (Miss.Ct.App.2011)). Mississippi Code Annotated section 99-39-23(6) (Supp.2012) states that “any order dismissing the petitioner’s motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article.” (Emphasis added). Thus, successive PCR motions are procedurally barred from this Court’s review on appeal unless the petitioner meets an exception to the procedural bar. See id.
¶7. In the case before us, Pierce does not allege that he meets any of the exceptions to the procedural bar found in section 99-39-23(6). Instead, Pierce merely argues the same issues raised in his first PCR motion: that his guilty plea was involuntary and that he had received ineffective assistance of counsel. As previously noted, the circuit court had already issued its opinion and order denying Pierce any relief on those grounds. Therefore, Pierce’s second PCR motion is barred as a successive writ. Notwithstanding the procedural bar, we address Pierce’s arguments.
¶ 8. First, Pierce argues that his guilty plea was involuntary. “For a guilty plea to be valid[,] it must be made ‘voluntarily and intelligently.’” Hoyt v. State, 952 So.2d 1016, 1019 (¶ 7) (Miss.Ct.App.2007) (citing Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992)). “A plea is deemed ‘voluntary and intelligent’ only where the defendant is advised concerning the nature of the charge against him and the consequences of the plea.” Id. (citing Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991)). “Specifically, a defendant must be advised of the maximum and mini *872 mum sentences that may be imposed and ‘that a guilty plea involves a waiver of the right to a trial by jury, the right to confront adverse witnesses, and the right to protection against self[-]inerimination.’ ” Id. at 1019-20 (¶ 7).
 ¶ 9. In this case, Pierce argues that he was under the influence of drugs at the time of his guilty plea, which made his plea involuntary. However, the plea colloquy clearly shows the opposite:
Court: Are you under the influence of any drugs or alcohol or intoxicants at this time?
Pierce: No, sir.
Court: Do you have any disabilities of mind or problems with your thought processes or problems that would in any way interfere with your ability to understand these proceedings?
Pierce: No, sir.
We note that “[gjreat weight is given to statements made under oath and in open court[.]” Id. at 1020 (¶ 8). Pierce clearly stated — under oath — that he was not under the influence of any drugs or other substances. This argument is without merit.
¶ 10. Pierce also claims that his plea was involuntary because he was not informed that his guilty plea waived his right against self-incrimination. However, the plea colloquy shows that the circuit court informed Pierce that he would be waiving several constitutional rights, including the right against self-incrimination:
Court: Now, Mr. Pierce, under the state and federal constitutions, there are a number of constitutional rights that you will be waiving or giving up by entering a plea of guilty to the charge. The constitutional rights being these: You’ve got the constitutional right to a speedy public trial by a jury of your peers. You’ve got a right to be present at trial. You’ve got a right to testify at trial or a right to remain silent at trial. You’ve got the right to cross-examine witnesses who come to court and testify against you, and you’ve got the right to use the process of this court to compel witnesses to come to court and testify on your behalf. If you chose to go to trial, you would have the right to have a jury instructed that you’re presumed to be innocent; that before they could convict, all 12 of the jurors would have to agree on your guilt[,] and they would have to find you guilty beyond a reasonable doubt. Further, if you were tried by a jury and convicted, you could appeal the conviction to the Supreme Court or Court of Appeals of this state; and an attorney would be appointed to represent you for appeal purposes if you couldn’t afford to hire one. However, by entering a plea of guilty to this charge, there cannot be any appeal from these proceedings. Mr. Pierce, do you understand all these constitutional rights?
Pierce: Yes, sir.
Court: And is it your desire at this time to waive or give those constitutional rights up and enter a plea of guilty to the crime of armed robbery?
Pierce: Yes, sir.
Advising a criminal defendant that he has the right to testify or not testify advises a criminal defendant that he has the right against self-incrimination. See Smith v. State, 935 So.2d 412, 413-15 (¶¶ 3-7) (Miss.Ct.App.2006). We find that Pierce was adequately informed that he would be waiving his right against self-incrimination by entering a plea of guilty. This issue is without merit.
¶ 11. Finally, Pierce argues that he received ineffective assistance of counsel be *873 cause his attorney did not properly investigate his mental state at the time of the guilty-plea hearing. To prevail on an ineffective-assistance-of-counsel claim, Pierce must prove that “(1) his counsel was deficient and (2) that the deficiency prejudiced [his] defense.” Fair v. State, 102 So.3d 1165, 1168 (¶ 9) (Miss.Ct.App.2012) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). “The deficiency and any prejudicial effect are assessed by looking at the totality of the circumstances.” Id. (quoting Bell v. State, 754 So.2d 492, 495 (¶ 7) (Miss.Ct.App.1999)). “In proving an ineffective-assistance-of-counsel claim, a strong presumption exists that counsel’s performance was reasonable, and ‘the defendant must show that there is a reasonable probability that, but for the counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. (quoting Gavin v. State, 72 So.3d 570, 575 (¶ 12) (Miss.Ct.App.2011)).
¶ 12. In the case before us, the transcript of the plea hearing includes the following exchange between the circuit judge and Pierce:
Court: Did you have an opportunity to read this petition to enter a plea of guilty and go over it with [your attorney]?
Pierce: Yes, sir.
Court: When you read it and went over it with her, did you understand the contents of it?
Pierce: Yes, sir.
Court: Has [your attorney] met the expectations of what you believe a lawyer representing you in this case should do for you?
Pierce: Yes, sir.
Court: And are you satisfied that she’s had your best interest at heart throughout this case?
Pierce: Yes, sir.
Court: Do you have any complaints about that representation at all?
Pierce: No, sir.
Thus, the record clearly shows that Pierce was satisfied with his attorney’s services. A defendant’s “declarations during the plea colloquy that he was satisfied with the services of his lawyer are presumptively true. ‘Solemn declarations in open court carry a strong presumption of verity.’ ” Fair, 102 So.3d at 1168-69 (¶ 11) (quoting Bell, 754 So.2d at 495 (¶ 7)). The record does not show that the attorney’s performance was deficient and that the deficiency was prejudicial to Pierce’s defense as required by Strickland. Therefore, Pierce’s ineffective-assistance-of-counsel claim is without merit.
¶ 13. Finally, we note that Pierce filed a motion for the appointment of counsel. We see no reason under the Uniform Post-Conviction Collateral Relief Act to grant this motion. Therefore, the motion is denied.
¶ 14. THE JUDGMENT OF THE AT-TALA COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ATTALA COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ„ CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT.