**IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI**

**NO. 2016-CP-00769-COA**

ERIC PIERCE A/K/A ERIC V. PIERCE                    APPELLANT

v.

STATE OF MISSISSIPPI                                        APPELLEE

DATE OF JUDGMENT:               05/13/2016
TRIAL JUDGE:                    HON. JOSEPH H. LOPER JR.
COURT FROM WHICH APPEALED:      ATTALA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         ERIC PIERCE (PRO SE)
ATTORNEY FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                BY: SCOTT STUART
NATURE OF THE CASE:             CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                    AFFIRMED - 08/29/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., BARNES AND WESTBROOKS, JJ.**

**BARNES, J., FOR THE COURT:**

¶1.     Eric Pierce, appearing pro se, appeals the judgment of the Circuit Court of Attala

County denying his motion for post-conviction relief (PCR) as a successive writ and time-

barred.  Finding no error, we affirm.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

¶2.     On February 3, 2009, Pierce was indicted for armed robbery.  He pleaded guilty a few

weeks later.  The robbery occurred in November 2008 when Pierce was eighteen years old.

The victim, Melton King, was the owner of a Sonic restaurant.  He was walking across a

grocery-store parking lot with a bank bag containing $1,265 of Sonic's funds.  Pierce came

up to King, held a pistol to him, and instructed him to "give me the money."  King gave

Pierce money from his pocket and the bag of money. Pierce then fled. King pursued Pierce in his vehicle, hitting and injuring him. Law-enforcement officers were able to arrest Pierce in the parking lot. Pierce later confessed to the crime.

¶3. The circuit court sentenced Pierce to serve seventeen years in the custody of the Mississippi Department of Corrections (MDOC). On August 19, 2010, the circuit court dismissed Pierce's first PCR motion, wherein he argued that his plea was involuntary and that he received ineffective assistance of counsel. He did not appeal the dismissal. His second PCR motion, seeking relief on the same grounds as his first PCR motion, was dismissed by the circuit court on February 3, 2012. Pierce appealed, and this Court affirmed the dismissal in *Pierce v. State*, 115 So. 3d 869, 873 (¶14) (Miss. Ct. App. 2013), finding his motion was barred as successive, and his arguments were without merit.[1]

¶4. On April 25, 2016, Pierce filed his third PCR motion in the circuit court, arguing that he is excepted from any procedural bars because his sentence is illegal, and that his attorney misinformed him about pleading guilty. Pierce claims his initial plea was "not guilty," but his counsel persuaded him to plead guilty as "the best option," and told him that MDOC would release him once he turned twenty-one years old. The circuit court was not persuaded, and denied his motion as time-barred and successive. Pierce timely appealed.

**STANDARD OF REVIEW**

¶5. When considering a circuit court's denial of a PCR motion, the appellate court will

---

[1] Pierce argued that he was on painkillers for a broken back at the time of his guilty plea, and thus it was involuntary. He also claimed ineffective assistance of counsel because his attorney did not properly investigate his mental state at the time of his plea hearing. *Pierce*, 115 So. 3d at 872-73 (¶¶9, 11).

not disturb the circuit court's factual findings unless they are clearly erroneous. Questions of law, however, are reviewed de novo. *Moore v. State*, 986 So. 2d 928, 932 (¶13) (Miss. 2008) (citation omitted).

## ANALYSIS

¶6. On appeal, Pierce submits several issues in the form of questions relating to his guilty plea and the assistance of his counsel. We shall address each issue in turn; however, as the circuit court ruled, Pierce's PCR motion is both successive and time-barred.

¶7. Under the Uniform Post-Conviction Collateral Relief Act (UPCCRA), any order denying or dismissing a PCR motion bars a second or successive motion. Miss. Code Ann. § 99-39-23(6) (Rev. 2015). Additionally, a PCR motion challenging a guilty plea must be filed within three years of the entry of the judgment of conviction. Miss. Code Ann. § 99-39-5(2) (Rev. 2015). This PCR motion is Pierce's third relating to his armed-robbery charge, and was filed over seven years after his judgment of conviction; therefore, it is procedurally barred.

¶8. Pierce raises the same issues in this PCR motion as he did in his other two; he just changes the nuance of his arguments. Pierce first asks whether errors affecting fundamental constitutional rights are excepted from post-conviction procedural bars, which they are. Under *Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010), the Mississippi Supreme Court specifically held that "errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA." However, "the mere assertion of a constitutional right violation does not trigger the exception"; rather, the claim must at least appear to have

3

some basis of truth. *Evans v. State*, 115 So. 3d 879, 881 (¶3) (Miss. Ct. App. 2013) (citations and internal quotation marks omitted). Here, Pierce has not demonstrated a basis for a fundamental-constitutional-rights violation; so there is no exception to the procedural bars.

¶9. Next, Pierce argues that his PCR motion should not be dismissed because its facts were proven by witness testimony – that of his mother. "To survive summary dismissal, a collateral attack on a facially correct plea must include supporting affidavits of other persons. Furthermore, [the movant] must allege 'facts which require further inquiry' in the expanded setting of an evidentiary hearing." *Jones v. State*, 949 So. 2d 872, 873 (¶3) (Miss. Ct. App. 2007) (internal and external citations omitted). However, "where an affidavit is overwhelmingly belied by unimpeachable documentary evidence in the record[,] such as, for example, a transcript or written statements of the affiant to the contrary to the extent that the court can conclude that the affidavit is a sham[,] no hearing is required." *Wright v. State*, 577 So. 2d 387, 390 (Miss. 1991).

¶10. Pierce attempts to support his assertions as truth and avoid summary dismissal by attaching to his appellate brief a handwritten affidavit by his mother, which states that Pierce was unable to understand his plea because he was under the influence of drugs for a back injury.[2] He also raised this issue in his second PCR motion. While a PCR motion could

---

[2] In the affidavit, Pierce's mother states that she was present during all of the talks between Pierce and his attorney. She states he took Percocet and Flexeril for his broken back, and he appeared "spaced out" and "a little confused" after court appearances and speaking with his attorney. She claims his attorney told Pierce MDOC would release him once he turned twenty-one. She maintains he would not have agreed to the plea if he had known his attorney misinformed him, and if he were "in a better state of mind."

possibly avoid dismissal with certain witness testimony, here, his mother's statement is belied by Pierce's own sworn testimony at the plea hearing and his plea petition that he was competent and understood his plea.

¶11.    At the hearing, Pierce stated under oath that he had read his plea petition and reviewed it with counsel; he was not under the influence of any drugs, alcohol, or intoxicants at the time; and he had "no disabilities of the mind or problems that would in any way interfere with [his] ability to understand the proceedings." Further, in his plea petition, Pierce signed a sworn statement that his decision to plead guilty was his alone – he did not receive any outside coercive influences. He agreed that the sentence is up to the court, and that the court is not required to follow the recommendations of the district attorney, who made the recommendation of seventeen years. He stated he was satisfied with the advice counsel had given him. Pierce's sworn testimony and plea petition render his affidavit ineffectual.

¶12.    Pierce also argues that ignorance, misunderstanding, and incompetency threaten the validity of his guilty plea; and that the circuit court did not accurately determine if his plea was intelligently made. "For a guilty plea to be valid[,] it must be entered into voluntarily, knowingly, and intelligently"; that is, "the trial court must advise the defendant of his rights, the nature of the charge against him, as well as the consequences of the plea." *Williams v. State*, 31 So. 3d 69, 74 (¶13) (Miss. Ct. App. 2010) (citation and internal quotation marks omitted). "The burden of proving that a guilty plea [is] invalid rests with the defendant and must be proven by a preponderance of the evidence." *Id.* "Statements made in open court

5

under oath carry a strong presumption of veracity." *Thomas v. State*, 159 So. 3d 1212, 1216 (¶12) (Miss. Ct. App. 2015) (citations and internal quotation marks omitted).

¶13. Additionally, for an ineffective-assistance-of-counsel claim, the defendant must prove: "(1) his counsel was deficient[,] and (2) that the deficiency prejudiced his defense." *Pierce*, 115 So. 3d at 873 (¶11) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). A strong presumption exists that counsel's performance was reasonable. *Id.* "[T]he defendant must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

¶14. Again, Pierce's sworn plea petition and statements under oath do not support any of his assertions on his attorney's incompetence or lack of intelligence. Additionally, there is no evidence Pierce was incompetent at the hearing. Further, the judge thoroughly explained that the proposed sentence was seventeen years, that the court could give Pierce a life sentence, and that any sentence must be served day-for-day. When the judge asked if Pierce understood, Pierce stated that he had not understood before, "but I do now." Even if counsel had misinformed Pierce, the judge correctly advised him. The record indicates Pierce was thoroughly informed of the nature and consequences of his guilty plea and sentence, and the circuit court properly accepted his plea. Accordingly, his guilty plea was intelligently and voluntarily made.

¶15. Regarding his counsel's effectiveness, at the plea hearing, while Pierce stated that he was not satisfied with his counsel's representation, his dissatisfaction was with the recommendation of the district attorney, not his counsel. Immediately prior to this comment,

6

he had affirmed to the court that his attorney had gone over and counseled him on the charges, advised him of the elements of armed robbery and the facts the State must prove, discussed any possible defenses he might have, met the expectations of what he believed a lawyer representing him should do for him, and had his best interests at heart, and Pierce had no complaints at all about his representation. There is no indication in the record that Pierce's attorney's performance was deficient or prejudicial to Pierce's defense.

¶16. Finally, Pierce argues that his guilty plea should be vacated "in the interest of justice"; however, Pierce has failed to prove any grounds for reversal. His issues are without merit.

**CONCLUSION**

¶17. The circuit court did not abuse its discretion in denying Pierce's PCR motion because it was successive and time-barred. Pierce failed to prove a fundamental-constitutional-rights violation to circumvent the procedural bar. His substantive arguments regarding his guilty plea and claims of ineffective assistance of counsel are also without merit. Therefore, we affirm the circuit court's denial.

¶18. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**